**BITTINGER et al., Appellants,**

v.

**KLOTZMAN et al., Appellees.**

[Cite as *Bittinger v. Klotzman* (1996), 113 Ohio App.3d 847.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69025.

Decided Aug. 26, 1996.

848

*Michael B. Pasternak* and *Robert Finkenthal,* for appellants.

*Richard McGraw* and *Kevin C. Alexandersen,* for appellees.

DAVID T. MATIA, Presiding Judge.

Russell Bittinger et al., plaintiffs-appellants, appeal from the judgment of the Cuyahoga County Court of Common Pleas case No. CV–207652, which granted a motion for directed verdict in favor of Michael Delbaso, defendant-appellee. Appellants assign one error for this court's review.

Appellants' appeal is not well taken.

This action arises out of personal injuries allegedly sustained by Russell Bittinger, appellant, as a result of a slip and fall occurring on January 2, 1990 on property owned by Fred W. Klotzman and managed by Alpha Park, Inc. ("Alpha"). Appellant was injured while making a delivery to a tenant on Alpha Park Drive, Highland Heights, Ohio. While attempting to complete the delivery, appellant slipped and fell on snow covered ice in the parking lot.

The parking area in question contains a drain in the middle of the eastern portion of the lot. Appellee, who was hired by Klotzman and Alpha to remove the snow from the parking lot, testified that the snow was plowed to the higher southern portion of the parking lot at the direction of Klotzman and Alpha. Appellants argue that the snow was plowed in such a way that, during the day when the temperature went above freezing, the snow melted and ran down towards the drain and then froze at night, causing the formation of ice on the parking area which led to appellant's injuries.

On March 21, 1991, Russell and Gene Bittinger, appellants, filed a negligence action against Klotzman, owner of Alpha, where appellant's injuries occurred. On October 30, 1991, appellants filed an amended complaint naming Alpha Park, Inc. and appellee as additional defendants.

On January 13, 1992, Klotzman and Alpha filed a motion for summary judgment claiming that they had no duty to remove natural accumulations of ice and snow from their property. They argued that a landowner is not liable for injuries sustained by invitees who fall on natural accumulations of snow and ice unless there was evidence that the owner knew or should have known that the snow and ice presented a greater hazard than an invitee would reasonably expect. They further claimed that they had no knowledge of any such hazard.

On April 14, 1992, appellee filed a motion for summary judgment stating that the ice in question was a natural accumulation of ice, that expert testimony is required to prove negligence against a snow removal contractor, and that he had no duty to protect appellant from open and obvious hazards from which he could have reasonably protected himself.

On May 13, 1992, the trial court granted Klotzman and Alpha's motion for summary judgment. On July 10, 1992, the trial court granted appellee's motion

for summary judgment. Appellants appealed the granting of both motions to this court. On March 18, 1993, this court reversed the decision of the trial court and remanded the cause for further proceedings. *Bittinger v. Klotzman* (Mar. 18, 1993), Cuyahoga App. No. 64190, unreported, 1993 WL 76931.

On April 17, 1993, the cause proceeded to trial in the Cuyahoga County Court of Common Pleas. At the close of appellants' case, the trial court granted appellee's motion for a directed verdict. The order was journalized on April 21, 1995. The case then proceeded as to Klotzman and Alpha, the remaining defendants. On April 22, 1995, the jury returned a verdict in favor of Klotzman and Alpha and against appellants. In conjunction with the verdict, the jury responded to a number of interrogatories regarding the negligence of each party. The first interrogatory questioned whether Klotzman and Alpha were negligent regarding the maintenance of the parking area. The second inquired into whether appellant Russell Bittinger was negligent. The jury responded to the first interrogatory by stating that Klotzman and Alpha were not negligent. The jury responded to the second interrogatory by stating that appellant was negligent. The jury then signed a general verdict in favor of Klotzman and Alpha and against appellants.

On May 19, 1995, appellants filed a timely notice of appeal from the trial court's order granting the motion for directed verdict in favor of appellee.

Appellants sole assignment of error states:

"The lower court erred in granting defendants-appellees [*sic* ] Delbaso's motion for a directed verdict."

Appellants argue, through their sole assignment of error, that the trial court improperly granted a motion for directed verdict in favor of appellee. Specifically, appellants argue that the trial court failed to apply the law-of-the-case doctrine given the fact that this court previously reversed the granting of a summary judgment motion in favor of appellee finding that a genuine issue of material fact existed as to whether the ice and snow which allegedly caused appellant's fall was a natural or unnatural accumulation. In addition, appellants maintain that the trial court improperly required that expert testimony be offered to establish the liability of appellee.

Appellants' sole assignment of error is not well taken.

Civ.R. 50(A), which sets forth the grounds upon which a motion for directed verdict may be granted, states:

"(A) Motion for directed verdict.

"(1) When made. A motion for a directed verdict may be made on the opening statement of the opponent, at the close of the opponent's evidence or at the close of all the evidence.

"(2) When not granted. A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts.

"(3) Grounds. A motion for a directed verdict shall state the specific grounds therefor.

"(4) When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

A motion for directed verdict is to be granted when, construing the evidence most strongly in favor of the party opposing the motion, the trial court finds that reasonable minds could come to only one conclusion and that conclusion is adverse to such party. Civ.R. 50(A)(4); *Crawford v. Halkovics* (1982), 1 Ohio St.3d 184, 1 OBR 213, 438 N.E.2d 890; *The Limited Stores, Inc. v. Pan Am. World Airways, Inc.* (1992), 65 Ohio St.3d 66, 600 N.E.2d 1027.

A directed verdict is appropriate where the party opposing it has failed to adduce any evidence on the essential elements of his claim. *Cooper v. Grace Baptist Church* (1992), 81 Ohio App.3d 728, 734, 612 N.E.2d 357, 360–361. The issue to be determined involves a test of the legal sufficiency of the evidence to allow the case to proceed to the jury, and it constitutes a question of law, not one of fact. *Hargrove v. Tanner* (1990), 66 Ohio App.3d 693, 695, 586 N.E.2d 141, 141–142; *Vosgerichian v. Mancini Shah & Assoc.* (Feb. 29, 1996), Cuyahoga App. Nos. 68931 and 68943, unreported, 1996 WL 86684.

In the case *sub judice,* a review of the record demonstrates that the trial court properly granted a directed verdict in favor of appellee. Appellants alleged in their amended complaint that appellee negligently plowed the parking area in question creating the conditions which led to appellant's injuries.

In Ohio, an owner or occupier of business premises owes a duty to exercise reasonable care in making the premises safe for the use of business

invitees. *Perry v. Eastgreen Realty Co.* (1978), 53 Ohio St.2d 51, 7 O.O.3d 130, 372 N.E.2d 335; *Busse v. Grand Finale, Inc.* (1981), 3 Ohio App.3d 65, 3 OBR 76, 443 N.E.2d 1011. That duty does not extend to protection against hazards from natural accumulations of ice and snow which are similar to surrounding conditions. Such conditions are so obvious that occupiers of premises may reasonably expect that a business invitee will discover them and protect against them. *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, paragraphs two and three of the syllabus. An owner or occupier of business premises may be liable for the unnatural accumulations of ice and snow where there is evidence of an intervening act by the landlord/owner which perpetuates or aggravates the pre-existing, hazardous presence of ice and snow. *Porter v. Miller* (1983), 13 Ohio App.3d 93, 95, 13 OBR 110, 111–112, 468 N.E.2d 134, 136–137; *Kinkey v. Jewish Hosp. Assn.* (1968), 16 Ohio App.2d 93, 45 O.O.2d 267, 242 N.E.2d 352.

█ Contrary to appellants' position, in order to establish negligence with respect to snow removal in a commercial parking area, expert testimony is required. *Bowins v. Euclid Gen. Hosp.* (1984), 20 Ohio App.3d 29, 20 OBR 31, 484 N.E.2d 203; *Yanda v. Consol. Mgt. Inc.* (Aug. 16, 1990), Cuyahoga App. No. 57268, unreported, 1990 WL 118703; *Hoenigman v. McDonald's Corp.* (Jan. 11, 1990), Cuyahoga App. No. 56010, unreported, 1990 WL 1334.

Here, testimony was presented to demonstrate that appellee had plowed the parking area in question pursuant to a specific snow removal plan provided by Alpha. There was no evidence, expert or otherwise, to indicate that appellee negligently plowed the lot or failed to carry out the snow removal plan in effect. Accordingly, the trial court properly granted appellee's motion for directed verdict and allowed the case against the remaining defendants to proceed to the jury for final determination as to their negligence.

Appellants' sole assignment of error is not well taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

O'DONNELL, J., concurs.

KARPINSKI, J., concurs separately.

KARPINSKI, Judge, concurring.

I concur in the opinion of the majority with the following exception.

In a number of unreported opinions, this court has relied upon the case of *Bowins v. Euclid Gen. Hosp.* (1984), 20 Ohio App.3d 29, 20 OBR 31, 484 N.E.2d 203, for the principle that expert testimony is necessary to establish negligence with respect to snow removal in a commercial lot. In fact, however, *Bowins*

never said such testimony was required. The opinion stated merely that because the techniques for removing snow and ice from a large commercial parking area are not matters well within the general competence of a jury "expert testimony which aids the jury in understanding the evidence or determining the facts in issue should not be excluded." *Id.* at 31, 20 OBR at 33, 484 N.E.2d at 206.

Prohibiting trial courts from excluding testimony is not the same as requiring plaintiffs to provide it. I believe the distinction is important. While some cases require such testimony, I would not go so far as to say that expert testimony is required in every case.