OPINION
{¶ 1} Plaintiff-appellant, James Ervin, filed a complaint based upon injuries he sustained following a fall on January 31, 2004. Appellant testified that he had been vacationing in Florida and heard that Columbus had received approximately 11 inches of snow. He arrived home at his condominium at approximately 9:00 or 10:00 in the morning and noticed that there had been an attempt to remove snow in the parking lot. *Page 2 
(Ervin depo. at 21-22.) While the sun was out, he attempted to clear more snow in his parking space to make more room for his truck and shoveled for 10-15 minutes. (Ervin depo. at 23; 26-27.) He noticed the ground was a mixture of snow and ice and was slippery. (Ervin depo. at 25.) In the evening, he picked up his roommate at the airport, ate dinner, stopped at the grocery and returned home at approximately 8:30 p.m. He parked in front of the garage and after two trips carrying groceries into the garage, he backed his truck into his parking space next to the garage. He walked around the front of the truck to the garage, slipped and fell, fracturing his right leg and suffering nerve damage. (Ervin depo. at 28-34.)
 {¶ 2} Appellant filed a complaint against Case Bowen Company ("Case Bowen"), the management company of the condominium complex, alleging negligence and against Yard Solutions, Inc. ("Yard Solutions"), the company under contract to maintain the public areas of the complex, including snow removal, alleging breach of contract. Both defendants filed motions for summary judgment, which the trial court granted. Appellant filed a notice of appeal, and raised the following assignments of error:
 1. [The] Trial Court erred in granting the Motion for Summary Judgment of Defendant, Yard Solutions, Inc. and entering Judgment for that Defendant on the basis said Defendant owed no contractual duty to Plaintiff-Appellant to remove snow and ice from Gender Park Condominium Complex.
 2. The Trial Court erred in granting the Motion for Summary Judgment of Defendant, Case Bowen Company, and entering Judgment for that Defendant on the basis the Defendant owed no contractual duty to Plaintiff-Appellant to ensure snow and ice was properly removed from Gender Park Condominium Complex. 2. *Page 3 
 3. The Trial Court erred in granting the Motion for Summary Judgment of Defendant Yard Solutions and in entering Judgment for that Defendant on the basis Defendant Yard Solutions did not breach its contractual obligations owed to Plaintiff-Appellant to plow and apply calcium to Plaintiff-Appellant's sidewalk leading to his front door and to apply salt to the accident site where Plaintiff fell and sustained injuries.
 4. The Trial Court erred in granting the Motion for Summary Judgment of Defendant Case Bowen and in entering Judgment for that Defendant on the basis that Defendant did not breach its contractual duties owed to Plaintiff-Appellant to properly supervise and ensure the sidewalk leading to Plaintiff-Appellant's front door was plowed and had calcium applied to it, and failed to ensure salt was applied to the accident site where Plaintiff-Appellant fell and sustained injuries.
 5. The Trial Court erred in granting the Motion for Summary Judgment of Defendant Case Bowen and in entering Judgment for that Defendant on the basis that Defendant did not breach its duty to ensure the proper removal of the unnatural accumulation of ice where Plaintiff-Appellant fell and sustained injuries.
 {¶ 3} The first and third assignments of error are related and shall be addressed together. By the first assignment of error, appellant contends that the trial court erred in granting Yard Solutions' motion for summary judgment by finding that Yard Solutions owed no contractual duty to appellant to remove snow and ice and by the third assignment of error, appellant contends the trial court erred in finding that Yard Solutions owed no contractual duty to remove snow and ice from the sidewalk leading to his front door or to apply salt to the accident site where plaintiff fell and sustained injuries.
 {¶ 4} To prevail on a motion for summary judgment, the moving party must demonstrate that, when the evidence is construed most strongly in favor of the non-moving *Page 4 
party, no genuine issue of material fact remains to be litigated and that it is entitled to judgment as a matter of law. Civ.R. 56(C);Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Williams v. First United Church of Christ (1974),37 Ohio St.2d 150, 151. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the non-moving party. Murphy v. Reynoldsburg
(1992), 65 Ohio St.3d 356, 358-359.
 {¶ 5} In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Supreme Court of Ohio stated that the moving party, on the ground that the non-moving party cannot prove its case, has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the non-moving party's claim. Once the moving party satisfies this initial burden, the non-moving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. The issue presented by a motion for summary judgment is not the weight of the evidence, but whether there is sufficient evidence of the character and quality set forth in Civ.R. 56 to show the existence or non-existence of genuine issues of fact.
 {¶ 6} When an appellate court reviews a trial court's disposition of a summary judgment motion, the appellate court applies the same standard as applied by the trial court. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107. An appellate court's review of a summary judgment disposition is independent and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. *Page 5 
(1993), 87 Ohio App.3d 704, 711. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the evidence in accordance with the standard set forth in Civ.R. 56, as well as the applicable law. Murphy.
 {¶ 7} Appellant argues that the evidence permits a reasonable juror to conclude that Yard Solutions breached its contractual duties to plow and salt appellant's sidewalk as well as the area where appellant sustained injuries. The contract between Yard Solutions and the Gender Park Condominium Association ("Association") provides for costs to the Association based on services for snow removal that Yard Solutions completed. Appellant argues that since he paid monthly condominium association fees, he is an intended third-party beneficiary of the contract. The contract provides specifications for snow removal, as follows:
 1. Snow will be removed from all sidewalks and pavement areas. There will be 1 return visit per plow, during the work day, to clear spaces with the Bobcat.
 2. Snow removal should be completed within an initial 2" snow fall. If snow continues, it will be maintained at 12 hour intervals.
 3. Cars shall not be blocked by plowed snow.
 4. All mailbox areas shall be clean and free from snow for postal service access.
 {¶ 8} Yard Solutions submitted bills to the Association specifying snow removal and application of salt and calcium on January 24, 26 and 30. (Exhibit B to Yard Solutions' Motion for Summary Judgment.) The employee time records demonstrate that an employee spent 45 minutes spreading salt on January 30, 2004, using 45 bags of salt. (Exhibit C to Yard Solutions' Motion for Summary Judgment.) Yard Solutions *Page 6 
submitted the affidavit of the production manager who verified the documents Yard Solutions submitted. (Exhibit D to Yard Solutions' Motion for Summary Judgment.)
 {¶ 9} Appellant stated during his deposition that the snow had been plowed before he arrived home at approximately 9:00 a.m. (Ervin depo. at 20-22.) Appellant stated there was no evidence that the sidewalk to his condominium had been shoveled. (Ervin depo. at 69.) But he also stated that the passageway from his parking space to the sidewalk to the front door was blocked by piled snow after plowing so he attempted to enter the condominium through the garage. (Ervin depo. at 70.) He usually entered and exited the condominium through the garage. (Ervin depo. at 25.) He believed there was no evidence of salt or calcium applied because his pants had no residue after the fall. (Ervin depo. at 62; 75.)
 {¶ 10} In this case, appellant only presented his self-serving deposition testimony to rebut the documentary evidence presented by Yard Solutions. In Bell v. Beightler, Franklin App. No. 02AP-569, 2003-Ohio-88, at ¶ 33, this court stated, as follows:
 Generally, a party's unsupported and self-serving assertions, offered by way of affidavit, standing alone and without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact. Otherwise, a party could avoid summary judgment under all circumstances solely by simply submitting such a self-serving affidavit containing nothing more than bare contradictions of the evidence offered by the moving party.
 {¶ 11} In light of the detailed documentary evidence provided and the contra evidence only being appellant's statement that no salt was applied because his pants did not contain any residue, the statement is insufficient to demonstrate a material issue of fact. Appellant's first and third assignments of error are not well-taken. *Page 7 
 {¶ 12} By the second and fourth assignments of error, appellant contends that the trial court erred in granting Case Bowen's motion for summary judgment on the basis Case Bowen owed no contractual duty to appellant to ensure snow and ice was properly removed and on the basis that Case Bowen did not breach its contractual duties owed to appellant to properly supervise and ensure the sidewalk leading to plaintiff-appellant's front door was plowed and had calcium applied to it, and failed to ensure salt was applied to the accident site where appellant fell and sustained injuries. Appellant's amended complaint only raises a negligence claim against Case Bowen. Appellant argued a breach of contract claim for the first time in his memorandum contra Case Bowen's motion for summary judgment. Appellant cannot claim error when the claim was not raised in the amended complaint. Appellant's second and fourth assignments of error are not well-taken.
 {¶ 13} By the fifth assignment of error, appellant contends that the trial court erred in granting Case Bowen's motion for summary judgment on the basis that Case Bowen did not breach its duty to ensure the proper removal of the unnatural accumulation of ice where appellant fell and sustained injuries. To prevail upon a claim of negligence, appellant was required to prove by a preponderance of the evidence that Case Bowen owed him a duty of care, that it breached that duty, and that the breach proximately caused his injuries. "Under the law of negligence, a defendant's duty to a plaintiff depends upon the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position." Simmers v. Bentley Constr. Co. (1992),64 Ohio St.3d 642, 645. *Page 8 
 {¶ 14} Appellant sued Case Bowen alleging negligence. However, Case Bowen is the property manager of the condominium complex, not the owner or Association. Case Bowen entered into a contract with Yard Solutions for the removal of snow and ice but the contract is between Yard Solutions and the Association, with the property manager's signature as a representative of the Association. (Rine depo. at 30.) While the management agreement between the Association and Case Bowen provided that Case Bowen would perform snow removal or cause snow removal to be performed at the Association's expense (see contract at section 8[c]), the agreement also provides that Case Bowen is not acting as a general contractor with respect to any contractor selected by the board of trustees. (Contract at section 8[j].)
 {¶ 15} Generally, there is no duty upon an occupier of land to warn invitees of open and obvious dangers on the property. Simmers, at 644, citing Sidle v. Humphrey (1968), 13 Ohio St.2d 45. The rationale behind the doctrine is that the open and obvious nature of the danger itself serves as a warning. Such a danger is one that is neither hidden nor concealed from view nor non-discoverable by ordinary inspection.Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49, 50-51. "The dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of [the] premises may reasonably expect that a business invitee on the premises will discover those dangers and protect himself against them." Sidle at paragraph two of the syllabus. Therefore, an owner or occupier has no duty to remove natural accumulations of ice and snow from private walks and steps on the premises. Sidle at paragraph three of the syllabus. *Page 9 
 {¶ 16} There are two exceptions to this rule. First, if an occupier is shown to have had notice, actual or implied, that a natural accumulation of snow and ice on the premises has created a condition substantially more dangerous than a business invitee should have anticipated by reason of their knowledge of the conditions prevailing generally in the area, negligence may be proven. Debie v. Cochran Pharmacy-Berwick, Inc.
(1967), 11 Ohio St.2d 38, 41. To establish liability, the owner must have some "superior knowledge" of the existing danger or peril.LaCourse v. Fleitz (1986), 28 Ohio St.3d 209, 210. The second exception to the no-duty rule exists where the owner is actively negligent in permitting or creating an unnatural accumulation of ice and snow.Lopatkovich v. Tiffin (1986), 28 Ohio St.3d 204, 207.
 {¶ 17} Thus, to prevail in the negligence claim, appellant must have produced evidence that either the natural accumulation of snow and ice was substantially more dangerous than appellant could have appreciated and Case Bowen knew or should have known this, or that Case Bowen was actively negligent in permitting or creating an unnatural accumulation of ice and snow. Bailey v. St. Vincent DePaul Church (May 8, 1997), Cuyahoga App. No. 71629.
 {¶ 18} Appellant argues that the snow and ice was an unnatural accumulation because the area in front of his garage had a patch of hidden ice which had been directed to the common drive area by a nearby downspout. Appellant contends that Case Bowen knew or should have known the downspout directed water to the accident site, where it would subsequently refreeze, creating an unnatural accumulation. In his *Page 10 
complaint, appellant alleged that Case Bowen failed to inspect, maintain and repair the accident site and ensure that the snow and ice had been removed.[1]
 {¶ 19} In Porter v. Miller (1983), 13 Ohio App.3d 93, 95, the court stated, as follows:
 "Unnatural" accumulation must refer to causes and factors other than the inclement weather conditions of low temperature, strong winds and drifting snow, i.e., to causes other than by the meteorological forces of nature. By definition, then, the "unnatural" is the man-made, the man-caused * * *
 [S]ince the build-up of snow and ice during winter is regarded as a natural phenomenon, the law requires, at the very least, some evidence of an intervening act by the landlord (or a property owner) that perpetuates or aggravates the pre-existing, hazardous presence of ice and snow.
 {¶ 20} Appellant testified in his deposition that the downspout runs into a drain hole in the parking area and the path of water is directly across the area where he traveled and fell. (Ervin depo. at 72-73.) However, appellant provided no evidence that the downspout was negligently designed, merely that Case Bowen failed to inspect, maintain and repair the accident site and ensure that the snow and ice had been removed. As we found earlier, there was no evidence that the snow and ice was negligently removed and appellant was aware that the area was snowy and icy because he had been shoveling earlier in the day. "`[S]now and ice are a part of wintertime life in Ohio and hazardous winter weather conditions and their attendant dangers are to be *Page 11 
expected in this part of the country.'" Mayes v. Boymel, Trustee, Butler App. No. CA2002-03-051, 2002-Ohio-4993, at ¶ 14 citing Plymdale v.Sabina Public Library (Dec. 21, 1987), Clinton App. No. CA87-02-005.
 {¶ 21} This case is similar to Bittinger v. Klotzman (1996),113 Ohio App.3d 847, in which the plaintiff was injured after a slip and fall while making a delivery to a tenant of an apartment building. The parking area contained a drain in the middle of the eastern portion of the lot. Appellee, who was hired to remove snow from the area, testified that the snow was plowed to the higher southern portion of the parking lot. Appellant argued that the snow was plowed in such a way that, during the day when the temperature was above freezing, the snow melted and ran toward the drain and then froze at night, causing the formation of ice on the parking area which led to appellant's injuries. A directed verdict was granted in appellee's favor. "An owner or occupier of business premises may be liable for the unnatural accumulations of ice and snow where there is evidence of an intervening act by the landlord/owner which perpetuates or aggravates the pre-existing, hazardous presence of snow." Bittinger, supra, at 852, citingPorter, supra, at 95. As in Bittinger, here there is no showing of such an intervening act. Appellant's fifth assignment of error is not well-taken.
 {¶ 22} For the foregoing reasons, appellant's five assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 BROWN and TYACK, JJ., concur. BOWMAN, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Appellant argues that Case Bowen assumed a duty to remove snow and ice by contract. While Case Bowen did assume a duty to remove snow, not ice, as discussed above, there is no evidence that the snow and ice was removed negligently or that the natural accumulation of snow and ice was substantially more dangerous than appellant could have appreciated and Case Bowen knew or should have known this. *Page 1