[Cite as *Liggins v. Giant Eagle McCutchen & Stelzer*, 2019-Ohio-1250.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LaDonna Liggins et al., | : | |
| Plaintiffs-Appellants, | : | |
| | | No. 17AP-383 |
| v. | : | (C.P.C. No. 16CV-2097) |
| Giant Eagle McCutcheon & Stelzer, Giant Eagle Supermarket et al., | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on April 4, 2019

**On brief:** *J.C. Ratliff, Jeff Ratliff,* and *Rocky Ratliff,* for appellants. **Argued:** *Jeff Ratliff.*

**On brief:** *Williams Moliterno & Scully Co., LPA, Roger H. Williams,* and *Christina N. Williams,* for appellees.

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM

{¶ 1}  Plaintiffs-appellants, LaDonna Liggins and Thomas Liggins, appeal from the decision of the Franklin County Court of Common Pleas granting summary judgment in favor of Giant Eagle, Inc. ("Giant Eagle").[1]  For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2}  On March 1, 2014, LaDonna Liggins, who was shopping with her sister and five year old great-niece, was a patron and business invitee of Giant Eagle's supermarket

---

[1]We note the trial court's decision does not specifically grant summary judgment in favor of defendant Giant Eagle McCutcheon & Stelzer, Giant Eagle Supermarket in addition to defendant Giant Eagle, Inc. The parties' briefs assume the trial court decision refers to both entities. We agree. The tie off information provided by the court references Giant Eagle McCutcheon & Stelzer, Giant Eagle Supermarket both, and the two entities, who are represented by the same counsel, and have litigated this action collectively as "Giant Eagle." (Answer of Defendants at 1.) Regardless, the trial court's decision effectively disposed of appellants' claims against Giant Eagle McCutcheon & Stelzer, Giant Eagle Supermarket. We further note that, pursuant to Civ.R. 3(A) and 15(D) and *Dillard v. Nationwide*, 10th Dist. No. 90AP-273 (Dec. 11, 1990), appellants did not commence the action against the two John Doe defendants in the complaint.

located on Stelzer Road in Columbus, Ohio, when she slipped and fell on olive oil which was on the floor between the bakery and produce departments.

{¶ 3}   Giant Eagle employee, Vicky Temple, was the Floral Manager at the store. She testified that on March 1, 2014, she was coming back from "receiving" and saw another employee, Diane Potter, cleaning up an olive oil spill. Temple stopped to assist Potter. (Jan. 18, 2017 Dep. of Temple at 11, 36.) It is not disputed that the bottle of olive oil fell from a shopper's cart and broke on the floor. It is undisputed that, once the spill was discovered, immediate action was taken to remove it, and at least two employees participated in the efforts to clean the spill. They applied an absorbent powder, Spill Magic, which is specifically used to remove liquid spills, to the olive oil spill and proceeded to remove the heavy liquid and broken olive oil bottle from the floor. The powder removed the heavy liquid but the floor still appeared somewhat slick.

{¶ 4}   It was determined a second cleaning was warranted. The employees needed to obtain additional cleaning supplies, but before leaving the area they placed at least one yellow "Caution Wet Floor" cone in the area they had just cleaned. Temple then went and retrieved towels while Potter went to get more Spill Magic. In the period between when the employees left the area and returned with the additional cleaning supplies, Liggins slipped and fell.

{¶ 5}   Liggins testified that on March 1, 2014, she was walking through the produce department of Giant Eagle with her sister and great-niece when she observed the "Caution Wet Floor" sign. The sign was approximately eight feet in front of her and slightly to the left of her intended path of travel. Upon viewing the sign, she stopped walking and looked around for her great-niece, concerned the young girl might "find her way over to the wet floor." (June, 17, 2016 Dep. of Liggins at 41.) She took her great-niece's hand as a safety measure and before starting to walk again, looked down at the floor, but did not see any liquid. She then proceeded forward, walking "gingerly" because of the warning conveyed by the sign. *Id.* When she was several feet closer to the sign, she lost her footing and fell on her left side, sustaining injuries. Temple, who had returned to the area in time to witness appellant walk into the spill area and fall, immediately came to her aid. Temple further stated that ten minutes elapsed from when the spill occurred to when appellant slipped and fell.

{¶ 6} Giant Eagle employee Robin Williams testified that on March 1, 2014, she was working as an Assistant Front End Team Leader at the store. Williams identified the Giant Eagle Incident Report ("IR"), deposition exhibit No. 1, as the IR that she had filled out at the time. The IR is used to document slip and falls and property damage incidents. Williams did not witness the incident, but followed protocol to complete the form based on information she obtained from Temple. The form stated that "olive oil was spilled on the floor and team member was in process of cleaning it up." (Jan. 18, 2017 Dep. of Williams at 19.) Williams testified that the standard procedure to clean up any spill was to apply Spill Magic to soak up the liquid and to sweep it into a dust pan.

{¶ 7} On February 29, 2016, appellants filed suit against Giant Eagle, alleging that Liggins sustained injuries and damages as a result of Giant Eagle's negligent maintenance of the premises, including but not limited to the following: (a) negligently permitting a foreign liquid substance to remain on the floor of its store causing the floor to become wet and slippery; (b) negligently failing to exercise reasonable care and ignoring the increased risk that permitting the foreign liquid substance to remain on its floor would cause its patrons, including Liggins, to slip and fall on the premises; (c) Giant Eagle negligently failing to properly warn Liggins of the aforementioned dangerous condition when it knew or in the exercise of reasonable care should have known existed; (d) Giant Eagle had either actual notice or constructive notice of the foreign liquid substance on its floor; and (e) Giant Eagle failed to properly supervise the area where the foreign liquid substance was on the floor. (Compl. at ¶ 11.)

{¶ 8} On February 28, 2017, Giant Eagle filed a motion for summary judgment. On March 24, 2017, appellants filed a memorandum contra to Giant Eagle's motion for summary judgment. On April 26, 2017, the trial court issued its decision granting Giant Eagle's motion for summary judgment. The trial court found that:

> [B]ecause Defendant Giant Eagle's employees not only took prompt and reasonable steps to clean the subject hazard that caused Plaintiff's fall, but also provided an objectively adequate warning of the hazard once they had knowledge of the hazard, summary judgment in favor of Defendant Giant Eagle is warranted.
>
> * * *
>
> Based on the foregoing, the Court accordingly hereby GRANTS Defendant Giant Eagle's Motion for Summary Judgment.

(Emphasis sic.) (Decision at 6.)

## II. ASSIGNMENT OF ERROR

{¶ 9} Appellants appeal, assigning a single error:

> The trial court erred in granting Appellees' Motion for Summary Judgment (1) when it determined that Appellees' employees acted promptly to remove the olive oil, (2) when it determined that adequate notice of the olive oil spill was provided to Appellant, (3) when it determined that Appellees' employees violations of their own policies did not create issues of material fact.

## III. DISCUSSION

{¶ 10} Appellate review of summary judgment motions is de novo. *Helton v. Scioto Cty. Bd. of Commrs.,* 123 Ohio App.3d 158, 162 (4th Dist.1997). "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." *Mergenthal v. Star Bank Corp.*, 122 Ohio App.3d 100, 103 (12th Dist.1997).

{¶ 11} Summary judgment is proper only when the party moving for summary judgment demonstrates that: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in that party's favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997). Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

{¶ 12} When seeking summary judgment on the ground that the nonmoving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the nonmoving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). A moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that

the nonmoving party has no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the nonmoving party has no evidence to support its claims. *Id.* If the moving party meets this initial burden, then the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. *Id.*

{¶ 13} In general, a business owner owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc.,* 18 Ohio St.3d 203 (1985). However, shopkeepers are not insurers of their customers' safety or against all types of accidents that may occur on their premises. *Id.* at 204; *Mercer v. Wal-Mart Stores, Inc.* 10th Dist. No. 13AP-447, 2013-Ohio-5607, ¶ 13. In order to prevail on a claim of negligence, a plaintiff must demonstrate a breach of duty, and an injury resulting therefrom. *Mussivand v. David,* 45 Ohio St.3d 314, 318 (1989). There is no dispute that at the time of the incident in question, Liggins was a business invitee. As such, Giant Eagle owed Liggins a duty to see that the premises were reasonably safe for the use of Liggins and other business invitees. *S.S. Kresge Co. v. Fader,* 116 Ohio St. 718, 722 (1927).

{¶ 14} The Supreme Court of Ohio in *Johnson v. Wagner Provision Co.,* 141 Ohio St. 584, 589 (1943), held that as a prerequisite to recovery against a storekeeper, a plaintiff must show:

> 1. That the defendant through its officers or employees was responsible for the hazard complained of; or
>
> 2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
>
> 3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.

*See Balcar v. Wal-Mart,* 10th Dist. No. 12AP-344, 2012-Ohio-6027, ¶ 12, and *Hartman v. Meijer Stores Ltd. Partnership,* 12th Dist. No. CA2010-03-065, 2010-Ohio-5311, ¶ 15

(indicating that once the premises owner moved for summary judgment, the plaintiff was required to demonstrate a question of fact regarding the *Johnson* factors).

{¶ 15} There is no dispute as to the first prong of the *Johnson* test, i.e., there is no evidence or allegation that Giant Eagle employees were responsible for the olive oil spill. Likewise, in regard to the third prong, there is no evidence or allegation that the olive oil spill had existed for a sufficient length of time to reasonably justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.

{¶ 16} In regard to the second prong, Giant Eagle has acknowledged that, prior to Liggins' fall, an employee had knowledge of the spill and was attempting to clean it up. Therefore, the first part of the second prong of the *Johnson* test, actual knowledge, has been satisfied. However, appellant must also show evidence that Giant Eagle neglected to give adequate notice of the foreign substance's presence or failed to remove it promptly. Specifically, the second *Johnson* prong dictates that once Giant Eagle was put on notice of the hazard as issue it was "required to either give adequate notice of its presence, or remove it promptly." *Kessler v. Office Max, Inc.*, 10th Dist. No. 01AP-543 (Mar. 12, 2002).

{¶ 17} As such, summary judgment would have been appropriate even if the trial court made only one of the two above findings, i.e., adequate notice or prompt removal. Ohio appellate courts—including this court—have affirmed summary judgment in favor of storeowners where the undisputed evidence establishes the defendant either gave adequate notice of a hazard 0r took prompt reasonable steps to remove the hazard. *See Kessler,* and *Nibert v. K-Mart Corp.*, 12th Dist. N0. CA89-09-019 (May 21, 1990).

{¶ 18} Appellants argue that the trial court erred (1) when it determined that Giant Eagle's employees acted promptly to remove the olive oil, (2) when it determined that adequate notice of the olive oil spill was provided to Liggins, and (3) when it determined that Giant Eagle's employees' violations of their own policies did not create issues of material fact.

{¶ 19} Giant Eagle asserts that summary judgment was appropriate, as the undisputed facts establish that after receiving actual notice of the spill and prior to Liggins' fall, its employees (1) took prompt, objectively reasonable steps to remove the hazard, and (2) before briefly leaving the area to retrieve additional cleaning supplies, placed a "Caution Wet Floor" sign in the area, which Liggins saw and understood, as established by her own deposition testimony. Thus, Giant Eagle reasons, since both measures were undertaken

when only one is required, no reasonable person could find it had failed to discharge its duty of ordinary care to its business invitee as a matter of law and summary judgment was appropriate.

### A. Giant Eagle's Safety Policies

{¶ 20} For ease of discussion, we will address appellants' arguments out of order. Appellants argue, as they did in the trial court, that summary judgment was improper because Giant Eagle's employees violated two of the grocery store's voluntarily adopted, internal safety guidelines. Appellants argue that Giant Eagle breached the duty of ordinary care when its own safety policy was not followed, i.e., appellants allege that the safety policy requires that (1) an employee remain at any spill to ensure its customers safety, and (2) that two yellow cones be placed in the aisle to notify its customers of the location of any spills.

{¶ 21} Appellants discuss these safety policies or guidelines and argue that they should be elevated to the status of legal duties. However, appellants have failed to establish the actual written content of the two alleged policies at issue. Appellants have attempted to establish the content of the policies through the testimony of three Giant Eagle employees, who provided different versions of the alleged rules regarding the use of cones and the requirement that an employee must always stay at the scene of a spill. Even construing the facts in the light most favorable to the nonmoving party, appellants' arguments rely on the faulty notion that Giant Eagle's internal safety guidelines establish the standard of care owed to its business invitees, and that, in effect, the violation of said guidelines is conclusive proof of negligence, or negligence per se.

{¶ 22} Ohio law is clear that internal safety guidelines do not create new duties, nor do they modify or heighten the ordinary duty of care storeowners owe their business invitees. *Martin v. Giant Eagle, Inc.*, 10th Dist. No. 13AP-809, 2014-Ohio-2657, ¶ 31; *Marsh v. Heartland Behavioral Health Ctr.*, 10th Dist. No. 09AP-630, 2010-Ohio-1380, ¶ 35. Further, an employee's alleged failure to comply with an internal policy does not give rise to a reasonable inference of negligence on the part of the business owner. *Ray v. Wal-Mart Stores*, 4th Dist. No. 12CA21, 2013-Ohio-2684, ¶ 37.

{¶ 23} Ohio courts have made it clear that the common law test articulated in *Johnson* provides the exclusive framework for establishing the negligence of a business owner in a premises liability action arising from a slip and fall incident. *See Johnson* at paragraph three of the syllabus; *Miranda v. Meijer Stores Ltd. Partnership*, 7th Dist. N0.

23334, 2009-OhiO-6695, ¶ 15; *Stanton v. Marc's Store*, 7th Dist. No. 15 MA 49, 2015-Ohio-5551, ¶ 34. Further, the premise that voluntarily adopted, internal safety guidelines or policies should impose legal duties on the companies that adopt them is contrary to public policy. Storeowners should be encouraged to establish safety policies that represent "best practices" or exceed the duties imposed by the common law standard of care without facing liability for the alleged violations of those policies.

{¶ 24} Thus, the claim that evidence suggesting that there was a violation of an internal policy, by itself, creates a genuine issue of material fact as to whether Giant Eagle breached its common law duty is without merit. Appellants must show that Giant Eagle breached its duty of ordinary care irrespective of Giant Eagle's internal policy.

### B. Acted Promptly to Remove the Olive Oil

{¶ 25} Appellants argue that even if this court finds that a violation of a safety policy did not establish appellees' breach of its duty owed to appellants, appellees violated its common law duty of ordinary care and that, even under the *Johnson* framework, summary judgment was improperly granted. Appellants claim there is an issue of material fact concerning whether appellees took reasonable steps to promptly remove the olive oil spill because (1) its employees did not entirely remove all remnants of the spill before Liggins happened upon the area and (2) an employee was not physically present at the area where Liggins fell, as purportedly required by Giant Eagle's internal policies. Appellants also claim that the trial court erred as Liggins "had satisfied the [second part of] the *Johnson* test language because of the way the Appellees' employees negligently removed the olive oil spill." (Appellants' Brief at 2o.)

{¶ 26} The trial court addressed appellants' arguments and stated:

> Furthermore, the Court finds that Defendants promptly attempted to remove the hazard. The Court finds that Defendants' employees took prompt and objective steps to remove the hazard presented by the olive oil spill once it was identified. The evidence shows that upon observing the olive oil spill, one of the employees immediately sought the assistance of a co-worker to clean the spill and promptly cleaned the area with an appropriate cleaning agent – a powder specifically used to absorb liquid spills. * * * Because the area still appeared slick after it was cleaned, Defendants' employees placed a cone in the area and went to get additional cleaning products to try and clean the area again. *Id.* Plaintiff slipped and fell before Defendants' employees were able to return. *Id.* Based on the foregoing, the Court finds that no reasonable

> person could find that Defendant Giant Eagle's employees failed to promptly undertake steps to remove the olive oil from the floor before Plaintiff's slip and fall accident or that the employees' actions fell below the standard of ordinary care that a reasonable person in the same or similar circumstances would exercise.

(Decision at 6.)

{¶ 27} We agree with the trial court. In discussing "the way" Giant Eagle's employees went about cleaning the olive oil spill, appellants merely state: "Appellees' employees started cleaning up the spill that was from a full broken bottle of olive oil. Appellees' employees used one full box of Spill Magic, and yet, the olive oil still remained," and then concludes, without any further analysis, "[t]hese employees improperly and negligently cleaned the area." (Appellants' Brief at 2o.) Appellants makes no attempt to describe how the employees' efforts to actually remove the olive oil or to clean the area were unreasonable, nor do they offer any suggestions as to what would constitute a non-negligent "way" of cleaning the area. Thus, there was no evidence of negligence in the actual efforts undertaken to remove the spill.

{¶ 28} The undisputed facts show that once the spill was discovered by Giant Eagle, two employees took immediate action to remove and clean the spill. They applied an absorbent powder specifically used to remove liquid spills. The powder removed the heavy liquid, but the floor still appeared somewhat slick to them, thus it was determined a second cleaning was warranted. The employees needed to obtain additional cleaning supplies, but before leaving the area to do so, they placed a yellow "Caution Wet Floor" cone in the area they had just cleaned. In the brief period between when the employees left the area and returned with the additional cleaning supplies, Liggins slipped and fell.

{¶ 29} Based on the foregoing, we agree that no reasonable person could find that Giant Eagle's employees failed to promptly undertake steps to remove the olive oil from the floor before Liggins' slip and fall accident, or that the employees' actions fell below the standard of ordinary care that a reasonable person in the same or similar circumstances would exercise.

### C. Adequate Notice

{¶ 30} As noted above, as an alternative to "prompt removal" of a hazard, a storeowner can discharge its duty to its customers by providing an adequate warning of such hazard. *See Kessler, supra.* However, appellants additionally argue that Giant Eagle

failed to adequately warn Liggins of the spill and that the trial court erred in concluding that no reasonable person could find Giant Eagle breached its duty to appellants. Again, appellants rely on Giant Eagle's safety policy to argue that the proximate cause of Liggins' fall was the violations of two of Giant Eagle's internal policies—namely (1) a requirement to place exactly two cones at the scene of every spill, and (2) the mandatory posting of one employee at the scene of every spill.

{¶ 31} The trial court addressed the issue of notice, and found that:

> Here, the Court finds that the undisputed facts establish that Plaintiff was given adequate notice of the hazard, as established by her own testimony * * *. More specifically, the Court finds that Plaintiff testified that she observed the yellow "Caution Wet Floor" sign from "a distance" of about eight feet away. * * * Plaintiff further testified that as soon as she saw the sign, she took her 5-year-old niece's hand as a "safety measure" and stopped to look down before she started to walk "gingerly" across the floor. * * * As such, the Court finds that from Plaintiff's testimony it is clear that she could read the warning sign and understood that the warning was intended to warn customers that the floor in the vicinity of the sign might be wet and/or slippery. * * * Therefore, the Court finds that there is no genuine issue of material fact that Defendant Giant Eagle gave Plaintiff adequate notice of the hazard.
>
> Although Plaintiff attempts to argue that Defendant Giant Eagle did not give adequate notice of the hazard because only one cone was used when two cones were to be used pursuant to Defendants' safety policy, the Court finds that the use of only one cone does not create an issue of fact. It is undisputed that Plaintiff was on notice of the spill from the placement of the single cone/warning sign. Therefore, the Court finds that regardless of Defendants' "two-cone" policy, Plaintiff was adequately warned but nonetheless proceeded to walk in the area. As such, the Court finds that the argument that the placement of a second cone would have changed the outcome is purely speculative and does not create an issue of material fact.

(Decision at 5.)

{¶ 32} Again, we agree with the trial court. While the adequacy of a warning is often a question of fact for the jury, this court has acknowledged that "if reasonable minds can only come to one conclusion regarding the adequacy of the warning summary judgment is appropriate." *Watts v. Taco Bell*, 10th Dist. No. 96APE08-1021 (Jan. 21, 1997), citing *Blatt*

*v. Hamilton*, 10th Dist. N0. 85AP-835 (Mar. 6, 1986). The proper inquiry, is whether warning signs posted by a store are "reasonably calculated to give an invitee knowledge of a dangerous or hazardous condition" and whether those warning signs did, in fact, adequately convey notice of the condition to the plaintiff. *Nibert, supra*. In this case, reasonable minds can only conclude that the warning here was adequate.

{¶ 33} The undisputed facts establish that Liggins was not only given adequate notice of the hazard, but that she was aware of the hazard as established by her own testimony. Liggins testified that she observed the yellow "Caution Wet Floor" sign from a distance of about eight feet away. She further testified that as soon as she saw the sign, she took her five-year-old great-niece's hand as a "safety measure" and stopped to look down before she started to walk "gingerly" across the floor. Liggins' own testimony shows that she was put on notice of the potential hazard through the placement of a single cone, and the argument that the outcome would have been different if Giant Eagle's internal policies were followed is purely speculative. As such, from her testimony it is clear that she could read the warning sign and understood that the warning was intended to warn customers that the floor in the vicinity of the sign might be wet and/or slippery. Therefore, there is no genuine issue of material fact that Giant Eagle gave Liggins adequate notice of the hazard. No reasonable person could find that Giant Eagle failed to adequately warn about the hazardous olive oil spill.

{¶ 34} On independent review, no genuine issue of material facts exists. Construing the evidence most strongly in favor of appellants, we find no reasonable person could conclude Giant Eagle breached its duty of care to Liggins. Therefore, considering all the above, summary judgment in favor of appellees is appropriate.

{¶ 35} Accordingly, appellants' assignment of error is overruled.

**IV. CONCLUSION**

{¶ 36} Having overruled appellants' single assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN, SADLER and LUPER SCHUSTER, JJ., concur.

_____