[Cite as *Pankey v. Ohio State Hwy. Patrol*, 2021-Ohio-1317.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Maurice Pankey, | : | |
| Plaintiff-Appellant, | : | No. 20AP-234 |
| | | (Ct. of Cl. No. 2019-00068JD) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio State Highway Patrol, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on April 15, 2021

**On brief:** *Maurice Pankey,* pro se.

**On brief:** *Dave Yost*, Attorney General, and *Amy Brown*, for appellee. **Argued:** *Amy Brown*.

APPEAL from the Court of Claims of Ohio

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, Maurice Pankey ("appellant"), appeals from the March 25, 2020 decision and entry issued by the Court of Claims of Ohio granting the motion of defendant-appellee, Ohio State Highway Patrol ("OSHP"), for summary judgment and dismissing appellant's complaint with prejudice. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} The salient facts of the instant matter are evinced in the record as follows. On January 28, 2019, appellant filed a claim form ("complaint") in the Court of Claims alleging, in essence, claims for assault and battery in connection with a traffic stop which occurred on March 7, 2018 in Cincinnati, Ohio. Specifically, appellant asserts in his complaint that an "Ohio Patrol Officer," i.e., Trooper Kyle Doebrich, along with a

Cincinnati police officer who is not a defendant in this case,[1] "treated me with misconduct, and Forcefully Removed from my car. Resulting to me going to Jail also injuring my Right ring finger my face and shoulder." (Sic passim.) Appellant further alleges his injuries include a "Broken Right ring finger. Scratches on face and shoulder." Appellant demands $7,000,000 as compensation for his alleged injuries.

{¶ 3} On January 29, 2020, OSHP filed a motion for summary judgment. On January 30, 2020, the court issued a Notice of Non-Oral Hearing on the motion, setting it for March 5, 2020. In response to OSHP's motion for summary judgment, appellant sent a letter to the court, which was filed on February 3, 2020. Prior to sending the February 3, 2020 letter, appellant had sent twelve other letters to the court. On March 5, 2020, OSHP moved to strike all of appellant's letters, asserting that they were never served upon counsel for OSHP, failed to include certificates of service, and were not permissible forms of evidence which may defeat a properly supported motion for summary judgment.

{¶ 4} Thereafter, on March 25, 2020, the trial court issued its Entry Granting Defendant's Motion for Summary Judgment and rendering judgment in favor of OSHP. (March 25, 2020 Entry Granting Def's. Mot. for Summ. Jgmt.) In its March 25, 2020 Entry, the trial court specifically found that the February 3, 2020 letter submitted by appellant in response to the motion for summary judgment was not admissible evidence under Civ.R. 56.

{¶ 5} This timely appeal followed.

## II. Assignment of Error

{¶ 6} Appellant assigns one error for our review:

> The Trial Court Erred and abused its discretion in Dismissing appelants action.

(Sic passim.)

## III. Discussion and Legal Analysis

---

[1] On January 30, 2019, the trial court dismissed appellant's claims against the Cincinnati Police Department pursuant to R.C. 2743.02(E).

### A. Standard of Review

{¶ 7} "An appellate court reviews summary judgment under a de novo standard." *You v. Northeast Ohio Med. Univ.*, 10th Dist. No. 17AP-426, 2018-Ohio-4838, ¶ 16, citing *Brisco v. U.S. Restoration & Remodeling, Inc.*, 10th Dist. No. 14AP-533, 2015-Ohio-3567, ¶ 19, citing *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41 (9th Dist.1995). Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds viewing the evidence most strongly in favor of the nonmoving party could reach but one conclusion, and that conclusion is adverse to the nonmoving party. *Id.*, citing Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact by pointing to specific evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the moving party fails to satisfy its initial burden, the court must deny the motion for summary judgment; however, if the moving party satisfies its initial burden, summary judgment is appropriate unless the nonmoving party responds, by affidavit or as otherwise provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial. *Id*; *Hall v. Ohio State Univ. College of Humanities*, 10th Dist. No. 11AP-1068, 2012-Ohio-5036, ¶ 12, citing *Henkle v. Henkle,* 75 Ohio App.3d 732, 735 (12th Dist.1991).

{¶ 9} A fact is "material" if it "might affect the outcome of the suit under the applicable substantive law." *Mitchell v. Mid-Ohio Emergency Servs., L.L.C.*, 10th Dist. No. 03AP-981, 2004-Ohio-5264, ¶ 12. A "genuine" issue of material fact exists to prevent summary judgment only if "a reasonable jury could find that the evidence satisfies the evidentiary standards required at trial." *Myocare Nursing Home, Inc. v. Fifth Third Bank*, 98 Ohio St.3d 545, 2003-Ohio-2287, ¶ 33. Additionally, a nonmovant's own self-serving assertions, whether made in an affidavit, deposition or interrogatory responses, cannot defeat a well-supported summary judgment when not corroborated by any outside evidence. *White v. Sears, Roebuck & Co.*, 10th Dist. No 10AP-294, 2011-Ohio-204, ¶ 7.

{¶ 10} Finally, "[t]rial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346 (1993), citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356 (1992). "Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion." *Hannah v. Dayton Power & Light Co.*, 82 Ohio St.3d 482, 485 (1998), citing *Turner v. Turner*, 67 Ohio St.3d 337, 341 (1993).

### B. Appellant's Assignment of Error

{¶ 11}   In his sole assignment of error, appellant asserts that the trial court erred by dismissing his action.  We disagree.

{¶ 12} As an initial matter, we point out that appellant is wholly mistaken in asserting the trial court dismissed his claims pursuant to Civ.R. 41(B)(1) for failure to prosecute—either at a trial or otherwise.  The record is clear the trial court dismissed appellant's claims pursuant to Civ.R. 56 in response to OSHP's motion for summary judgment.  The record is also clear that there was no trial or any other type of oral hearing as asserted by appellant in his briefs.  Accordingly, we review appellant's assignment of error against the standard applicable to summary judgment proceedings, as set forth and discussed above.

{¶ 13} As previously stated, appellant has alleged what are, in essence, claims for assault and battery in connection with a traffic stop which occurred on March 7, 2018 in Cincinnati, Ohio. Ohio courts have recognized that "a police officer is justified at common law to use reasonable force in the course and scope of his law enforcement duties." *State v. White*, 142 Ohio St.3d 277, 2015-Ohio-492, ¶ 17.  " ' "[A] peace officer duly empowered is not liable for injuries inflicted by him in the use of reasonably necessary force to preserve the peace and maintain order, or to overcome resistance to his authority.  Thus an officer making an arrest is justified in using sufficient force to subdue the prisoner although not acting in self defense." ' "  *Id.*, quoting *State v. Sells*, 30 Ohio Law Abs. 355, 357-58, 1939 WL 3272, quoting with approval 6 Corpus Juris Secundum, Assault and Battery, Section 23, at 825 (1937).

{¶ 14} This court has previously discussed the proper analysis for use in cases where claims of excessive force against law enforcement officers have been alleged in *Lytle v. Columbus*, 70 Ohio App.3d 99 (10th Dist.1990). Citing the U.S. Supreme Court's decision in *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865 (1989), we first observed that in such cases, the claims " 'should be analyzed under the Fourth Amendment's objective reasonableness standard rather than under a substantive due process approach.' " *Lytle* at 109, quoting *Graham* at 396. The proper application of this standard " 'requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.' " *Id.*, quoting *Graham* at 396.

{¶ 15} We further observed in *Lytle* that the U. S. Supreme Court cautioned that the "reasonableness" of a law enforcement's use of force " 'must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. * * * The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments - - in circumstances that are tense, uncertain, and rapidly-evolving - - about the amount of force that is necessary in a particular situation.' " *Id.*, quoting *Graham* at 396-97. Indeed, as the Supreme Court of Ohio has stated, " '[i]f an officer reasonably, but mistakenly, believed that a suspect was likely to fight back, for instance, the officer would be justified in using more force than in fact was needed.' " *White*, 2015-Ohio-492 at ¶ 60, quoting *Saucier v. Katz*, 533 U.S. 194, 205, 121 S.Ct. 2151 (2001), *overruled in part on other grounds, Pearson v. Callahan*, 555 U.S. 223, 236, 129 S.Ct. 808 (2009).

{¶ 16} Here, Trooper Doebrich's affidavit, attached to OSHP's motion for summary judgment, details the actions he took in attempting to arrest appellant, who ignored Doebrich's orders to exit the vehicle and "show his hands," and instead continued to reach toward the passenger side floor board area of the vehicle. (Doebrich Aff. at ¶ 6.) Under these facts and circumstances, it is entirely reasonable that Trooper Doebrich would have determined that appellant could have been reaching for a weapon and that force was

necessary to remove appellant from the vehicle, as attested by Trooper Doebrich. (*Id.* at ¶ 7.)

{¶ 17} Furthermore, the affidavit of Christopher Noble, appellant's probation officer from a previous offense, shows that any injury appellant had to his right hand and/or finger was sustained prior to the March 7, 2018 traffic stop. In his affidavit, Noble attests to statements made by appellant to Noble on March 6, 2018, during an unrelated traffic stop that occurred the day before the traffic stop at issue in the instant case, wherein appellant stated that "he had a swollen finger that he sustained from a previous injury to his right hand." (Noble Aff. at ¶ 5.) Appellant stated that the injury to his right hand "had occurred when he jammed his finger on a basketball rim." *Id.*

{¶ 18} Finally, appellant does not dispute that on August 19, 2018 he was, in fact, convicted of resisting arrest in connection with the March 7, 2018 traffic stop, nor does he dispute any of the facts as set forth in Trooper Doebrich's affidavit. Indeed, as the trial court found, appellant has not submitted any evidence admissible pursuant to Civ.R. 56 that refutes the admissible evidence submitted by OSHP.

{¶ 19} In short, when viewing this evidence in the light most favorable to appellant, reasonable minds could only conclude that the force used by Trooper Doebrich in arresting appellant under the facts and circumstances of this case was reasonable and not excessive. Therefore, we find the trial court did not err by granting OSHP's motion for summary judgment pursuant to Civ.R. 56(C) and dismissing appellant's action. Accordingly, we overrule appellant's sole assignment of error.

## IV. Disposition

{¶ 20} For the foregoing reasons, the trial court did not err in granting OSHP's motion for summary judgment pursuant to Civ.R. 56(C), and thus did not err in dismissing appellant's action. Having overruled appellant's sole assignment of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

KLATT and SADLER, JJ., concur.

———————————