[Cite as *Kiser v. United Dairy Farmers*, 2023-Ohio-2136.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Courtney Kiser, | : | |
| Plaintiff-Appellant, | : | No. 22AP-539 |
| | | (C.P.C. No. 21CV-0753) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| United Dairy Farmers, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 27, 2023

**On brief:** *Cox Law Office, LLP*, and *Michael T. Cox* for appellant. **Argued:** *Michael T. Cox.*

**On brief:** *Frost Brown Todd, LLC, Caitlyn E. Vetter, Ryan W. Goellner*, and *Kaitlyn Hawkins-Yokley* for appellee. **Argued:** *Ryan W. Goellner.*

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Plaintiff-appellant, Courtney Kiser, appeals a final judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, United Dairy Farmers ("UDF"), on August 10, 2022. For the following reasons, we reverse and remand.

**I. Facts and Procedural History**

{¶ 2} On February 25, 2019,[1] at around 7:53 A.M, Courtney Kiser pulled into a parking space at a UDF in Grove City, Ohio, to pick up donuts and chocolate milk for her

---

[1] While both the complaint and amended complaint state the date as February 28, 2019, the depositions and the security camera footage in the record indicate the correct date was February 25, 2019. We note this discrepancy for the record, but it is immaterial to our decision.

two children.  Minutes before her arrival, the driver of a vehicle occupying the same parking space emptied two beverages on the ground before driving away.  The morning was windy, cold, and dry; Ms. Kiser did not recall any precipitation.  Ms. Kiser climbed out of her car, but while turning to shut the car door, she slipped and fell in the parking lot, injuring her right arm and shoulder.  Before getting to her feet with assistance from another customer, Ms. Kiser recalled noticing a small, circular, sheet of ice that had not been visible behind her open car door.  She believed it was a discarded beverage that had frozen over some time before her fall.  Ms. Kiser then entered the store, spoke to UDF employee Heidi Ratkowski while making her purchases, left the store, and drove home.  In a deposition taken after she filed the complaint in this case, Ms. Kiser discussed the conversation she had with Ms. Ratkowski: "From what I recall, she overheard the gentleman asking if I was okay, and she said, oh, you slipped on ice, I meant to go put salt on it and I forgot, crap, thanks lady." (Dec. 6, 2021 Kiser Dep. at 22.)  Ms. Ratkowski also recalled during her own deposition having a conversation with Ms. Kiser about her fall. She described it as follows: "Customers said that a customer had fallen outside on coffee.  So when she had came to the counter, you know, I said are you okay.  And she said yes, I got out of my car, fell on the coffee.  I said are you sure you're okay?  She said she was fine.  That was it, end of conversation." (Mar. 14, 2022 Ratkowski Dep. at 16.)  Still in pain later that day, Ms. Kiser sought medical treatment at an urgent care facility.

{¶ 3}   Ms. Kiser filed a complaint against UDF on February 5, 2021, alleging a single claim of negligence.  UDF moved for summary judgment, asserting that because Ms. Kiser slipped on a puddle caused by a beverage that was spilled just minutes before her arrival, no evidence in the record supported a conclusion that UDF had actual or constructive notice of a hazard in their parking lot.  Exhibits attached in support of the motion included Ms. Kiser's December 6, 2021 deposition, Ms. Ratkowski's March 14, 2022 deposition, and surveillance video footage of the store from February 25, 2019 between roughly 7:00 A.M. and 8:00 A.M.  In her response to UDF's summary judgment motion, Ms. Kiser asserted that the cause of her fall—either ice from an earlier spill or the beverages spilled on the video—remained a genuine issue of material fact despite the conclusion reached by UDF. Thus, she claimed, without knowing definitively what caused her to fall, it was impossible to determine whether UDF should have known about the hazard.  Ms. Kiser also argued

that her deposition testimony recalling Ms. Ratkowski's admission created a fact issue as to actual notice.

{¶ 4} The trial court entered summary judgment in favor of UDF on August 10, 2022. In its decision, the trial court found that the uncontroverted evidence established a UDF customer dumped beverages in the parking space where Ms. Kiser fell, no other parties passed the parking space before Ms. Kiser arrived a few minutes later, Ms. Kiser slipped while exiting her vehicle, and "[w]hen she looked to see what she slipped on, she noticed ice that was caused by a spilled beverage." (Aug. 10, 2022 Entry Granting Summ. Jgmt. at 4.) Next, the trial court found UDF did not have *constructive* notice of the hazard because the cause of her fall was the beverage spilled minutes before, so "the hazard did not exist long enough to justify an inference of notice." *Id*. at 7. The court further concluded UDF lacked *actual* notice because no UDF employee walked past the area where the beverage was spilled before Ms. Kiser fell and because Ms. Ratkowski testified during her deposition that she did not learn about the hazard until Ms. Kiser entered the store following her fall in the parking lot. *Id*.

{¶ 5} Having found that UDF met its initial burden under Civ.R. 56(C), the trial court turned to whether Ms. Kiser identified specific facts in the record demonstrating a genuine dispute of material fact remaining for trial. The court considered Ms. Kiser's contrary assertion that she fell on ice (rather than a slick surface or puddle) so the hazard could not have been caused just minutes before her arrival, but concluded this argument was unsupported and speculative. *Id*. at 8. In reliance on *Ervin v. Case Bowen Co*., 10th Dist. No. 07AP-322, 2008-Ohio-393, ¶ 10-11, the court then stated, "Plaintiff testified the UDF employee said she saw the ice and meant to put salt on it. Kiser Depo., p. 19. However, there is no other support for Plaintiff's recollection. By itself, self-serving deposition testimony is insufficient to demonstrate a material question of fact." (Entry Granting Summ. Jgmt. at 8-9.)

{¶ 6} Because the trial court relied on *Ervin* and Ms. Kiser was only able to produce her own deposition testimony to support her claim that a UDF employee was aware of the ice prior to her fall, the court concluded Ms. Kiser failed to meet her reciprocal burden to identify a genuine dispute of material fact and thus UDF was entitled to judgment as a matter of law. Having discounted Ms. Kiser's deposition testimony as self-serving and

uncorroborated, the court resolved the question of actual notice with Ms. Ratkowski's deposition testimony denying any awareness of a slippery patch and the video footage confirming no UDF employee passed the parking space during the short period of time between the spill and Ms. Kiser's arrival. And the trial court held there could not be constructive notice based on the insufficient amount of time between the spill of the beverages and Ms. Kiser's accident.

**{¶ 7}** This appeal timely followed.

## II. Assignments of Error

**{¶ 8}** Ms. Kiser presents the following assignments of error for our review:

> [I.] The trial court errored in determining that United Dairy Farmer's [sic] did not have notice of the hazard and therby [sic] had a duty to warn or remedy.

> [II.] The trial court errored in determining that plaintiff had not demonstrated material issues of fact regarding the source of the hazard.

> [III.] The trial court errored in disregarding defendant's admission of knowledge of the hazard.

## III. Discussion

### A. Standard of Review and Relevant Law

**{¶ 9}** We review a decision granting summary judgment de novo. Under the de novo standard of review, an appellate court undertakes an independent review of the evidence without deference to the trial court's decision. *Nazareth Deli LLC v. John W. Dawson Ins. Inc.*, 10th Dist. No. 21AP-394, 2022-Ohio-3994, ¶ 22. Summary judgment shall be rendered if "there is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).

**{¶ 10}** "In order to prevail on a claim of negligence, a plaintiff must demonstrate a breach of duty, and an injury resulting therefrom." *Liggins v. Giant Eagle McCutcheon & Stelzer*, 10th Dist. No. 17AP-383, 2019-Ohio-1250, ¶ 13. Ms. Kiser's negligence claim is based on premises liability, so she asserted below that UDF breached its duty to maintain its premises in a safe condition because it had notice of a hazardous condition in the parking

lot and failed to either rectify the hazard or adequately warn customers of potential danger. (Feb. 5, 2021 Compl. at ¶ 6.)  "Business owners owe business invitees [like Ms. Kiser] a duty of ordinary care in maintaining the premises in a reasonably safe condition so as not to unnecessarily and unreasonably expose invitees to danger."  *Watkins v. Scioto Downs, Inc.*, 10th Dist. No. 15AP-985, 2016-Ohio-3141, ¶ 9.  A business invitee injured by a hazardous condition on the premises must establish that the business was responsible for the dangerous condition or had actual or constructive notice of the hazard.  *Balcar v. Wal-Mart Store No. 2726*, 10th Dist. No. 12AP-344, 2012-Ohio-6027, ¶ 12.  If a genuine issue of material fact exists as to any of these three factors, summary judgment is not appropriate. *Liggins* at ¶ 17.

{¶ 11}  Because we find it dispositive to resolving this appeal, we begin our analysis with Ms. Kiser's third assignment of error, which asserts the trial court erred by disregarding her deposition testimony concerning Ms. Ratkowski's admission.

### B. Ms. Kiser's Third Assignment of Error

{¶ 12}  In its decision granting summary judgment, the trial court relied exclusively on *Ervin*, 2008-Ohio-393, to conclude that uncorroborated, "self-serving" testimony could not, as a matter of law, create an issue of fact to defeat summary judgment.  (Aug. 10, 2022 Entry Granting Summ. Jgmt. at 8-9.)  On appeal, Ms. Kiser argues that a nonmoving party's deposition testimony is a proper basis to determine that a genuine issue remains for trial and the trial court erred in relying on *Ervin* to hold otherwise.  (Appellant's Brief at 16-17.) We agree.

{¶ 13}  "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made."  (Citations omitted.)  *State ex rel. Grady v. State Emp. Relations. Bd.*, 78 Ohio St.3d 181, 183 (1997).  The party moving for summary judgment "must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence

to support the nonmoving party's claims.  If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

{¶ 14} Evidence permitted by Civ.R 56(C) is limited to the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact.  Affidavits made in support of motions for summary judgment are governed by Civ.R. 56(E).  The rule provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."  Civ.R. 56(E).  "When a motion for summary judgment is made and supported as provided in Civ.R. 56, the nonmoving party may not rest on the mere allegations of the pleading, but must respond by affidavit or as otherwise provided in Civ.R. 56, setting forth specific facts showing the existence of a genuine triable issue."  *Grady* at 186.

{¶ 15} "Because summary judgment is a procedural device to terminate litigation, it must be awarded with caution.  Doubts must be resolved in favor of the nonmoving party." *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66 (1993).  As such, when considering a summary judgment motion, a trial court views the evidence "most strongly in favor of the nonmoving party" and refrains from making credibility determinations or weighing the evidence.  *Hood v. Diamond Prods.*, 74 Ohio St.3d 298, 303-04 (1996), citing *Davis* at 66.

{¶ 16} Importantly, "determining whether issues of disputed fact exist is different from making findings of facts."  *Smathers v. Glass*, __ Ohio St.3d __, 2022-Ohio-4595, ¶ 32.  At summary judgment, it is not the role of the court to resolve a disputed fact or weigh the credibility of the evidence, only to determine whether there exists a genuine dispute of material fact.  *See, e.g., Turner v. Turner*, 67 Ohio St.3d 337, 341 (1993) ("Credibility issues typically arise in summary judgment proceedings when one litigant's statement conflicts with another litigant's statement over a fact to be proved.  Since resolution of the factual dispute will depend, at least in part, upon the credibility of the parties or their witnesses, summary judgment in such a case is inappropriate.").  The trial court is limited to determining whether admissible evidence of the type contemplated by Civ.R. 56(C) gives

rise to a genuine dispute of material fact; it is exclusively the role of the fact-finder to determine what weight to give that evidence at trial.

{¶ 17} As a threshold matter, it is undisputed that Ms. Kiser's deposition satisfies Civ.R. 56(C)'s evidentiary requirements. Civ.R. 56(C) permits the use of depositions to support or oppose summary judgment. The opposing party may use any evidentiary material contemplated by Civ.R. 56(C) to "set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). To be properly considered, "a deposition transcript must be filed with the court or otherwise authenticated before it can be given the force and effect of legally acceptable evidence." *Mustric v. Penn Traffic Corp.*, 10th Dist. No. 00AP-277, 2000 Ohio App. LEXIS 4032, *16 (Sept. 7, 2000). Ms. Kiser's certified deposition was filed with the trial court and neither party has objected to its use in the proceedings. It is therefore permissible evidence under Civ.R. 56.

{¶ 18} However, because the trial court believed a nonmovant's deposition testimony could not, alone, create a genuine dispute of material fact as a matter of law under *Ervin*, the evidence was disregarded in the trial court's summary judgment analysis. The trial court's reliance on this interpretation of *Ervin* is not surprising. Since that case was decided, this court's case law concerning so-called "self-serving" attestations of a nonmoving party has gone in two very different directions. And that divergence is captured in the lower court proceedings.

{¶ 19} In its motion for summary judgment, UDF unequivocally declared that "[t]he Tenth District *has made it clear* * * * that Plaintiff cannot rely upon her own 'unsupported and self-serving assertions' whether 'made in affidavits, depositions, and interrogatory responses[.]" (Bracketing sic.) (Emphasis added.) (June 2, 2022 Def. Mot. for Summ. Jgmt. at 5, quoting *White v. Sears*, 10th Dist. No. 10AP-294, 2011-Ohio-204, ¶ 7-8.) The trial court agreed, consistent with the line of cases stemming from *White*, which held "a non-movant's own self-serving assertions, whether made in an affidavit, deposition or interrogatory responses, cannot defeat a well-supported summary judgment when not corroborated by any outside evidence." *White* at ¶ 9. *See also Pankey v. Ohio State Hwy. Patrol*, 10th Dist. No. 20AP-234, 2021-Ohio-1317, ¶ 9 ("Additionally, a nonmovant's own self-serving assertions, whether made in an affidavit, deposition or interrogatory responses, cannot defeat a well-supported summary judgment when not corroborated by any outside

evidence"); *Kean v. Cincinnati Ins. Co.*, 10th Dist. No. 20AP-177, 2021-Ohio-490, ¶ 11 ("Additionally, a nonmovant's own self-serving assertions, whether made in an affidavit, deposition or interrogatory responses, cannot defeat a well-supported summary judgment when not corroborated by any outside evidence.").

{¶ 20} It appears our court has been inconsistent in its treatment of "self-serving" statements of nonmoving parties at summary judgment, and that has resulted in the exclusion of admissible evidence appropriate for consideration at this stage of proceedings. On the one hand, we have applied *White* as though it expressly prohibits a trial court from considering these "self-serving" attestations. On the other hand, we have generated a line of decisions that appropriately treats this evidence like any other material permitted under Civ.R. 56(C).

{¶ 21} This second line of cases stands for the proposition that the uncorroborated personal testimony of a nonmoving party, which otherwise satisfies Civ.R. 56(C), *can* create a genuine dispute of material fact to preclude summary judgment. *See, e.g.*, *Pate v. Quick Solutions, Inc.*, 10th Dist. No. 10AP-767, 2011-Ohio-3925, ¶ 38, fn. 9 ("[A] non-moving party may defeat a motion for summary judgment with his own affidavit if it is made on personal knowledge, sets forth facts as would be admissible in evidence, and shows affirmatively that the affiant is competent to testify to the matters stated in the affidavit"); *Wolf v. Big Lots Stores, Inc.,* 10th Dist. No. 07AP-511, 2008-Ohio-1837, ¶ 12 (Internal citation omitted) ("While a party's affidavit is perfectly competent evidence under Civ.R. 56(E), it must be made on personal knowledge, set forth facts admissible in evidence, and affirmatively demonstrate that the affiant is competent to testify on the matters set forth in the affidavit," nonetheless, "[a] party may not establish a material issue of fact in opposition to summary judgment by submitting a self-serving affidavit presenting nothing more than bare contradictions of other competent evidence and conclusory statements of law.").

{¶ 22} In fact, we have previously noted that "there may be aspects to the facts of any given case upon which the nonmoving party may be *uniquely* qualified to offer testimony." (Emphasis added.) *Bell v. Beightler*, 10th Dist. No. 02AP-569, 2003-Ohio-88, ¶ 34. The Supreme Court of Ohio has also recognized that a nonmoving party may be in the best position to offer testimony in support of her cause. *See Hood*, 74 Ohio St.3d 298.

In *Hood*, a plaintiff claiming disability discrimination provided an affidavit describing her cancer diagnosis and its impact on her work. The lower courts disregarded her affidavit as self-serving and uncorroborated. The Supreme Court reversed and concluded "[s]uch testimony was clearly within the personal knowledge of appellant," satisfied the standards of Civ.R. 56, and did, in fact, create a genuine dispute of material fact as to whether she was "handicapped" under former R.C. 4112.01(A)(13). *Id*. at 304.

### C. Revisiting Our Court's Past Precedent on "Self-Serving" Testimony

{¶ 23} We reiterate our concern that *White* has been used in decisions of this court to say a nonmovant's own uncorroborated, self-serving assertions, whether made in an affidavit, deposition, or interrogatory responses, cannot defeat a well-supported summary judgment motion. *See, e.g.*, *Pankey*, 2021-Ohio-1317; *Kean*, 2021-Ohio-490. This principle imposes several requirements beyond those contained in Civ.R. 56. Civ.R. 56(C) and (E) do not impose heightened standards for evidence produced by the nonmoving party. The rule does not require either party to corroborate competent testimonial evidence made on personal knowledge. It does not prohibit either party from submitting "self-serving" evidence that conforms with the rule. And, as we see in the proceedings below, this principal has led to trial courts excluding otherwise valid evidence that would create a genuine dispute of material fact at summary judgment. For example, we recently reversed the court of claims on summary judgment after it relied on this mistaken interpretation of *White* to discount a nonmoving party's statements as "self-serving" and thus "not worthy of belief." *Hill v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 20AP-88, 2021-Ohio-561, ¶ 27.

{¶ 24} Accordingly, we take this opportunity to reaffirm that "self-serving" testimonial evidence that conforms to the requirements of Civ.R. 56(C) must be considered by the trial court and treated as any other evidence in the record at summary judgment.[2] To the extent that prior decisions from this court, including *White*, hold that a nonmoving

---

[2] Like any other evidence from a moving or nonmoving party, this is not to say that testimony from the nonmoving party will automatically create a genuine dispute of material fact. A material fact is only "in dispute" if the evidence in the record creates a conflict requiring resolution at trial, as opposed to evidence that is so one-sided the fact dispute can be resolved as a matter of law. *Turner*, 67 Ohio St.3d at 340.

party may never demonstrate the existence of a genuine issue of material fact with "self-serving" testimonial evidence alone, they are overruled.

### D. Application to the Present Case

**{¶ 25}** Because of its mistaken reliance on *White*, the trial court failed to consider Ms. Kiser's deposition testimony concerning her conversation with Ms. Ratkowski and the circumstances of her fall. According to Ms. Kiser, Ms. Ratkowski, who was at the cash register when Ms. Kiser entered the store, exclaimed, "[O]h, you slipped on ice, I meant to go put salt on it and I forgot, crap, thanks lady." (Kiser Dep. at 22.) Generally, "[a] statement by someone other than the declarant, offered to prove the truth of the matter asserted is hearsay." *Cordle v. Bravo Dev., Inc.*, 10th Dist. No. 06AP-256, 2006-Ohio-5693, ¶ 13, citing Evid.R. 801. However, certain exceptions may permit admission of hearsay evidence. The admission of a party opponent is one such exception. *Id.*, citing Evid.R. 801(D)(2). "This includes a statement offered by a servant of the party opponent, made in the course of the servant's employment regarding a matter within the scope of said employment." *Id.*, citing Evid.R. 801(D)(2)(d).

**{¶ 26}** Our decision in *Cordle* is illustrative. In *Cordle,* the plaintiff filed a negligence action after slipping on the floor at a restaurant. In response to the restaurant's summary judgment motion, the plaintiff submitted the affidavit of another restaurant patron, who recounted overhearing an employee admit seeing a spill on the floor near the area where the plaintiff fell. *Id.* at ¶ 16. The trial court struck the affidavit as hearsay and, finding no admissible evidence to prove negligence, entered summary judgment for the restaurant. *Id.* at ¶ 14. This court reversed, finding that an employee's factual assertions within their scope of knowledge and made against the interest of their employer are admissible under Evid.R. 801(D)(2). *Id.* at ¶ 16. Therefore, we concluded, the affidavit created a genuine dispute of material fact as to whether the restaurant had actual notice of a hazard. *Id.* at ¶ 17.

**{¶ 27}** With the exception of who overheard the party opponent's admission, Ms. Kiser's case is quite similar to *Cordle.* Just as the restaurant employee's admission was admissible under Evid.R. 801(D)(2)(d), so, too, is Ms. Ratkowski's statement that she saw the offending ice but forgot to put salt on it. *See also Balcar,* 2012-Ohio-6027, at ¶ 13 (in a

different slip-and-fall case, this court accepted as true the nonmovant's testimony recounting a store employee's admission regarding a puddle on the floor). An employee's admission against the interest of her employer is of equal import at this stage of proceedings, whether overheard by a nonmovant or a third party and whether presented to the court by affidavit, deposition testimony, or any of the other materials contemplated by Civ.R. 56.

{¶ 28} Although Ms. Kiser's recollection of her conversation with Ms. Ratkowski is not directly corroborated by other evidence in the record, neither is it directly contradicted. Ms. Ratkowski acknowledged having this conversation in her own deposition and the video evidence in the record clearly shows Ms. Kiser and Ms. Ratkowski exchanged words at the cash register. The only evidence that directly contradicts Ms. Kiser's testimony regarding her conversation with Ms. Ratkowski is Ms. Ratkowski's own conflicting testimony. Similarly, the trial court disregarded Ms. Kiser's statement that she slipped on a patch of ice and only considered the video footage showing another UDF patron spilling a beverage in the parking lot when determining whether a genuine dispute of material fact existed as to the cause of her fall.

{¶ 29} Because the trial court failed to even consider whether Ms. Kiser's deposition testimony created a genuine dispute of material fact on any of the elements of her negligence claim, the trial court's grant of summary judgment was in error. We therefore sustain Ms. Kiser's third assignment of error.

### E. Ms. Kiser's First and Second Assignments of Error

{¶ 30} Ms. Kiser asserts in her first assignment of error that the trial court erred in determining UDF did not have actual or constructive notice of the hazard and therefore was not negligent. In her second assignment of error, she argues the trial court erred in finding there was no genuine dispute of material fact as to the source of the parking lot hazard. Both the first and second assignments of error pertain to the trial court's consideration of Ms. Kiser's deposition testimony. Having already concluded that the trial court erred by disregarding her deposition testimony and not performing the requisite analysis on summary judgment, we find these issues moot.

## IV. Disposition

{¶ 31} Having sustained Ms. Kiser's third assignment of error, and finding the first and second assignments of error moot, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings consistent with law and this decision.

*Judgment reversed;*
*cause remanded.*

DORRIAN and LUPER SCHUSTER, JJ., concur.