[Cite as *Oliver v. Fox's Food, L.L.C.*, 2023-Ohio-1551.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Gregory L. Oliver, | : | |
| Plaintiff-Appellant, | : | No. 22AP-73 |
| | | (C.P.C. No. 19CV-8252) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Fox's Food, LLC et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on May 9, 2023

**On brief:** *Law Offices of Brent L. English*, and *Brent L. English*, for appellant. **Argued:** *Brent L. English*.

**On brief:** *Caborn & Butauski Co. L.P.A.*, and *Joseph A. Butauski*, for appellee Fox's Food, LLC. **Argued:** *Alyssa A. Wolf*.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Gregory L. Oliver, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Fox's Food, LLC ("Fox's Food"). For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} This matter arises from Oliver's January 1, 2018 slip and fall on the sidewalk adjacent to Blocks Bagels, a bakery operated by Fox's Food, in Bexley, Ohio. It had snowed the previous day, and temperatures were in the single digits when Oliver slipped and fell due to the icy conditions. As a result of the fall, he sustained injuries to his head, hip, and left knee.

{¶ 3} In October 2019, Oliver initiated this action against Fox's Food alleging negligence. In July 2021, Fox's Food moved for summary judgment on the basis that it owed no duty to Oliver as to the hazardous condition that caused his slip and fall. In response, Oliver asserted, for the first time in the litigation, that he was an intended third-party beneficiary of the lease agreement between Fox's Food and the owner of the property, and that Fox's Food breached this lease agreement by not clearing the sidewalk of the accumulated snow and ice.

{¶ 4} In December 2021, the trial court granted summary judgment in favor of Fox's Food. The court found that, under premises liability law, Fox's Food owed no duty to Oliver to clear the sidewalk of the snow and ice, and therefore his negligence claim failed. The court also declined to consider Oliver's breach of contract claim because he first introduced this theory of recovery in his response to the summary judgment motion.

{¶ 5} Oliver timely appeals.

## II. Assignments of Error

{¶ 6} Oliver assigns the following two assignments of error for our review:

> [1.] The trial court committed reversible error by granting summary judgment despite the existence of genuine issues of fact in dispute.
>
> [2.] The trial court committed reversible error by granting summary judgement despite the fact that the condition of the sidewalk on which appellant fell was not open and obvious.

## III. Discussion

{¶ 7} Because Oliver's two assignments of error involve interrelated issues, we address them together. His first assignment of error alleges the trial court erred in granting summary judgment in favor of Fox's Food because there existed genuine issues of material fact. And in his second assignment of error, he contends the trial court erred in granting summary judgment in favor of Fox's Food because the sidewalk's hazardous condition was not open and obvious. These assignments of error are not well-taken.

{¶ 8} "An appellate court reviews summary judgment under a de novo standard." *Estate of Sample v. Xenos Christian Fellowship, Inc.*, 10th Dist. No. 20AP-563, 2021-Ohio-3898, ¶ 9. Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as

a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997). The court reviewing the motion only may consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C).

{¶ 9} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). However, the moving party cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.*; *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997). Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; *Vahila* at 430; Civ.R. 56(E).

{¶ 10} Here, Oliver asserted a negligence claim against Fox's Food based on his slip and fall. To establish negligence, a plaintiff must prove: (1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately resulting from the breach. *A.M. v. Miami Univ.*, 10th Dist. No. 17AP-156, 2017-Ohio-8586, ¶ 32. A plaintiff's failure to present evidence establishing any one of these elements will entitle the defendant to judgment. *Id.* The trial court found Oliver failed to submit evidence showing Fox's Food owed a duty to protect him from the hazard that caused him to slip and fall. We agree.

{¶ 11} Whether a duty exists is a question of law for the court to determine. *Mussivand v. David*, 45 Ohio St.3d 314, 318 (1989). In a premises liability case, the relationship between the owner or occupier of the premises and the injured party determines the duty owed. *Canfield v. United Airlines, Inc.*, 10th Dist. No. 21AP-252, 2021-Ohio-4460, ¶ 18. An owner or occupier of premises owes business invitees, such as Oliver

in this case, a duty of ordinary care in maintaining the premises in a reasonably safe condition so that invitees are not unnecessarily and unreasonably exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203 (1985). But an owner or occupier of premises generally owes no duty to remove natural accumulations of snow and ice or warn business invitees of the dangers associated with such accumulations. *Brinkman v. Ross*, 68 Ohio St.3d 82, 83-84 (1993). Because "everyone is assumed to appreciate the risks associated with natural accumulations of ice and snow * * * everyone is responsible to protect himself or herself against the inherent risks presented by natural accumulations of ice and snow." *Id.* at 84. This principle has been referred to as the "no-duty winter rule." *Thatcher v. Lauffer Ravines, L.L.C.*, 10th Dist. No. 11AP-851, 2012-Ohio-6193, ¶ 15.

{¶ 12} The no-duty winter rule does not apply if: (1) the natural accumulation of snow and ice was substantially more dangerous than the plaintiff could have anticipated, and the owner or occupier of the premises had notice of such danger, or (2) the owner or occupier of the premises was actively negligent in permitting an unnatural accumulation of snow and ice to exist. *Kaeppner v. Leading Mgt., Inc.*, 10th Dist. No. 05AP-1324, 2006-Ohio-3588, ¶ 11. "An 'unnatural' accumulation is one created by causes and factors other than natural meteorological forces," which "include inclement weather conditions, low temperatures, drifting snow, strong winds, and freeze cycles." *Thatcher* at ¶ 17. Thus, "unnatural accumulations are caused by the intervention of human action doing something that would cause ice and snow to accumulate in unexpected places and ways." *Id.*, citing *Porter v. Miller*, 13 Ohio App.3d 93 (6th Dist.1983). But "[s]alting or shoveling does not turn a natural accumulation into an unnatural accumulation." *Cunningham v. Thacker Servs., Inc.*, 10th Dist. No. 03AP-455, 2003-Ohio-6065, ¶ 14.

{¶ 13} The submitted evidence demonstrated that, at approximately 9:45 a.m. on January 1, 2018, Oliver drove and parked at Blocks Bagels in Bexley, Ohio, a shop owned and operated by Fox's Food. As Oliver walked toward the shop on a sidewalk under the control of Fox's Food, he slipped and fell, sustaining extensive injuries. At his deposition, Oliver testified that it had snowed the day prior to his slip and fall, the temperature was in the single digits when he arrived at Blocks Bagels, and the resulting icy conditions caused him to slip and fall. Additionally, on appeal, Oliver concedes the record contains no evidence the accumulation of snow and ice on the premises was unnatural or the

accumulation of snow and ice was substantially more dangerous than what ordinarily could be anticipated. Thus, neither of the previously discussed exceptions to the no-duty winter rule applied. Oliver argues, however, there is an additional exception to the no-duty winter rule when there is a contractual duty to keep a sidewalk cleared of snow and ice.

{¶ 14} In support of his contractual duty argument, Oliver cites *Chatelain v. Portage View Condominiums*, 151 Ohio App.3d 98, 2002-Ohio-6764, ¶ 8 (9th Dist.), for its statement that "[t]he duty to remove natural accumulations of snow or ice can arise when * * * the duty is created by express contract." (Internal citations omitted.) He asserts this contractual duty arose from the lease agreement between the property owner and Fox's Food, and that he was an intended third-party beneficiary of the lease agreement. Thus, he claims he was injured as a result of Fox's Food breaching its contractual duty to ensure the safety of the sidewalk. But Oliver did not properly raise this breach of contract claim.

{¶ 15} In *Ervin v. Case Bowen Co.*, 10th Dist. No. 07AP-322, 2008-Ohio-393, ¶ 12, the plaintiff asserted a negligence claim arising from a slip and fall on frozen precipitation, and then, in response to a summary judgment motion, claimed the defendant had breached a contractual duty to remove snow and ice on the premises. The trial court rejected the plaintiff's claim that the defendant had breached a contractual duty to him, and the plaintiff challenged that ruling on appeal. This court held the plaintiff-appellant could not allege trial court error as to a breach of contract claim when the claim was not raised in the amended complaint. *Id.* at ¶ 12. Similarly, in *Tchankpa v. Ascena Retail Group, Inc.*, 10th Dist. No. 19AP-760, 2020-Ohio-3291, the plaintiff first raised a claim in response to the defendant's summary judgment motion. On appeal, this court noted that raising a claim for the first time in response to a summary judgment motion is "insufficient to thwart" such a motion. *Id.* at ¶ 25. "A plaintiff must respond to a motion for summary judgment based on the claims already presented rather than surprise the defendant and court with new theories of recovery." *Id.*

{¶ 16} Here, in Oliver's memorandum in opposition to Fox's Food's summary judgment motion, he asserted, for the first time, that he was an intended third-party beneficiary under the applicable lease agreement, and that Fox's Food's breach of its contractual duty under the lease caused his slip and fall. Oliver only pleaded negligence in his complaint; he did not plead facts that, if proven, would support a breach of contract

claim.  Although Oliver alleged Fox's Food had a duty to clear the sidewalk of snow and ice, he did not directly allege, or even suggest, the duty arose pursuant to the terms of a contract. Thus, pursuant to *Tchankpa* and *Ervin*, we find the trial court did not err in declining to consider Oliver's breach of contract claim first presented in response to the summary judgment motion of Fox's Food.  And because this claim was not properly presented, it was unnecessary for the trial court to analyze Oliver's related assertion that he was an intended third-party beneficiary of the lease agreement allegedly breached.

{¶ 17}  Oliver also argues the trial court erred in concluding the hazardous condition of the sidewalk, on which he slipped and fell, was open and obvious.  Although both eliminate the duty owed to a business invitee, the "open-and-obvious doctrine" is distinct from the "no-duty winter rule."  As this court has explained: "The no-duty winter rule assumes everyone will appreciate and protect themselves against risks associated with natural accumulations of ice and snow; the open and obvious doctrine assumes only those who could observe and appreciate the danger will protect themselves against it." *Sherlock v. Shelly Co.*, 10th Dist. No. 06AP-1303, 2007-Ohio-4522, ¶ 22.  Thus, a finding that the no-duty winter rule applies to a slip and fall caused by naturally accumulated snow and ice obviates any need to also determine the applicability of the open-and-obvious doctrine.  But analysis of the open-and-obvious doctrine may be necessary if the business invitee slipped and fell on unnaturally accumulated snow and ice.

{¶ 18} While this court has not directly resolved the issue, some courts have required a plaintiff, who has established the existence of an unnatural accumulation of snow and ice, also to carry the burden of showing that the hazardous condition that caused the slip and fall was not open and obvious. *See Thatcher* at ¶ 19, 20-21 (discussing the split in Ohio courts "on the question of whether the open-and-obvious rule applies to unnatural accumulations").  Under this approach, the open-and-obvious doctrine is an exception to the unnatural accumulation exception to the no-duty winter rule.  Regardless of the approach adopted, however, Oliver submitted no evidence showing the existence of an unnatural accumulation of snow and ice on the premises.  Therefore, it was unnecessary for the trial court to analyze the application of the open-and-obvious doctrine.  Consequently, Oliver's challenge to the trial court's open-and-obvious doctrine finding presents a moot issue.

**{¶ 19}** Because Oliver failed to demonstrate Fox's Food owed him a duty to clear the snow and ice on the premises, the trial court did not err in granting summary judgment in favor of Fox's Food. Accordingly, we overrule Oliver's first and second assignments of error.

**IV. Disposition**

**{¶ 20}** Having overruled Oliver's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT, P.J., and MENTEL, J., concur.

————————