[Cite as *Anand v. Jones*, 2025-Ohio-4437.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

David Anand, :

     Plaintiff-Appellant, : No. 24AP-728
(C.P.C. No. 21CV-63)

v. :

     (REGULAR CALENDAR)

Ashley Jones et al., :

     Defendants-Appellees. :

D E C I S I O N

Rendered on September 23, 2025

**On brief:** *The Behal Law Group LLC*, and *John M. Gonzales*, for appellant. **Argued:** *John M. Gonzales*.

**On brief:** *Caborn, Butauski & Wolf Co., L.P.A., Joseph A. Butauski*, and *Alyssa A. Wolf*, for appellee, Erie Insurance Company. **Argued:** *Alyssa A. Wolf*.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, P.J.

{¶ 1} Plaintiff-appellant, David Anand, appeals from the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Erie Insurance Company ("Erie"). For the following reasons, we affirm the judgment of the court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} This appeal arises from Anand's claim for uninsured motorist ("UM") coverage under automobile insurance policies issued to Anand by Erie. On January 31, 2019, defendant-appellee, Ashley Jones, rear-ended Anand while he was driving on Sawmill Road in Franklin County, Ohio. As a result of the collision, Anand claims to have suffered personal injuries and incurred property damage.

{¶ 3} Anand filed a complaint in the trial court on January 6, 2021, naming Jones and Jane Doe, as parties. He later amended the complaint on February 19, 2021, repeating his allegations against Jones and including additional factual allegations regarding his injuries and damages. Both the original and amended complaints omitted any claim for underinsured motorist ("UIM") benefits.

{¶ 4} On May 20, 2022, Anand sought to file a second amended complaint to assert a claim for UIM coverage against Erie, his auto insurer at the time of the collision. The trial court granted the motion. Anand filed the second amended complaint on June 17, 2022. Service was perfected on Erie by certified mail on June 23, 2022.

{¶ 5} In his second amended complaint, Anand alleged that Erie was liable under the terms of his automobile insurance policy for UIM benefits. He asserted that the tortfeasor, Jones, was underinsured and that Erie's policy provided coverage in excess of Jones's liability limits. On April 21, 2023, Erie filed a motion for summary judgment. Erie argued that Anand failed to comply with the policy's contractual requirement to bring a claim or suit for UIM benefits within three years of the date of the accident.

{¶ 6} The general policy contained standard provisions concerning notice, duties, and lawsuits against Erie. Relevant here, it required written notice of an accident and delivery of suit papers to Erie. It also stated that the liability of the tortfeasor must be determined before Erie could be sued.

{¶ 7} The policy also contained a separate endorsement governing UM/UIM coverage. The first page of the endorsement states:

> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**.
>
> UNINSURED/UNDERINSURED MOTORISTS BODILY INJURY COVERAGE ENDORSEMENT – OHIO
>
> *This endorsement contains provisions applicable to Uninsured/Underinsured Motorists Bodily Injury Coverage and replaces provisions contained in your policy to the extent that the provisions in this endorsement are different . . .*

(Emphasis in orginial.) (Ex. A-1 at 1.)

{¶ 8} Additionally, the endorsement expressly deleted and replaced the general "LAWSUITS AGAINST US" provision. The endorsement provides:

> A claim or **"suit"** for Uninsured/Underinsured Motorists Bodily Injury Coverage must be made or brought . . . within three years after the date of the accident . . . or within one year after the liability insurer for the owner or operator . . . has become the subject of insolvency proceedings . . . whichever is later.

(Emphasis in orginial.)  (Ex. A-1 at 4.)  The endorsement further imposed an additional duty: if a claimant brings an action for damages, copies of suit papers must be sent to Erie "at once."  *Id.*

{¶ 9}  In opposition, Anand filed a memorandum contra, asserting that the policy's three-year limitations period was unreasonable and ambiguous.  He argued that his oral notice to his agent in December 2021 constituted sufficient compliance with the policy's notice requirement.  Anand also claimed that the general policy language requiring a determination of liability before suit conflicted with the limitations provision and created an ambiguity.

{¶ 10}  On June 10, 2024, the trial court granted Erie's motion for summary judgment, finding that the UIM endorsement clearly and unambiguously imposed a three-year time limit to bring suit, and that Anand failed to do so within that period.  The court also concluded that Anand's oral notice to his agent was insufficient under the policy's requirement for written notice.  It is from this judgment that Anand timely appeals.

## II.  ASSIGNMENT OF ERROR

{¶ 11}  Appellant assigns the following sole assignment of error for review:

> The Trial Court erred by Granting Erie's Motion for Summary Judgment.

(Sic passim.)

## III.  STANDARD OF REVIEW

{¶ 12}  An appellate court reviews a decision granting summary judgment de novo. *Gabriel v. Ohio State Univ. Med. Ctr.*, 2015-Ohio-2661, ¶ 12 (10th Dist.).  "Under the de novo standard of review, we apply the same legal standard as the trial court but conduct an independent review of the evidence without deference to the trial court's decision." *Plough v. Nationwide Children's Hosp.*, 2024-Ohio-5620, ¶ 31 (10th Dist.).  The trial court's judgment must be affirmed if any grounds raised by the movant in the trial court support it.  *Riverside v. State*, 2010-Ohio-5868, ¶ 17 (10th Dist.).

{¶ 13} Civ.R. 56(C) states that "[s]ummary judgment shall be rendered . . . if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, . . . timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Under Civ.R. 56(C), summary judgment is proper when the moving party establishes (1) an absence of genuine issues of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) construing the evidence most strongly in favor of the nonmoving party, reasonable minds could only find in favor of the moving party. *See, e.g., State ex rel. Duncan v. Mentor City Council*, 2005-Ohio-2163, ¶ 9; *Oliver v. Fox's Food, L.L.C.*, 2023-Ohio-1551, ¶ 8 (10th Dist.).

{¶ 14} "The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Plough* at ¶ 29. The moving party must point to evidence in the record affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims. *Oliver* at ¶ 9, citing *Dresher v. Burt*, 1996-Ohio-107, ¶ 17; *Vahila v. Hall*, 1997-Ohio-259, ¶ 20.

## IV. LEGAL ANALYSIS

### A. Governing Principles of Contract Interpretation

{¶ 15} By his sole assignment of error, Anand argues that the trial court erred in finding the three-year limitation period unambiguous and enforceable. Insurance policies are contracts, and their interpretation is a matter of law. *Alexander v. Buckeye Pipeline Co.*, 53 Ohio St.2d 241 (1978). Courts must consider the contract as a whole, and no provision should be disregarded unless it is irreconcilably inconsistent with another. *German Fire Ins. Co. v. Roost*, 55 Ohio St. 581 (1897). The intent of the parties is presumed to be reflected in the plain language of the policy. *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130 (1987).

{¶ 16} Ohio courts also recognize that insurance policies are often contracts of adhesion. As such, ambiguities are construed liberally in favor of the insured. *Smith v. Nationwide Mut. Ins. Co.*, 37 Ohio St.3d 150 (1988). Still, where the language is clear and

unambiguous, courts must enforce it as written. *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.*, 1997-Ohio-202.

{¶ 17} Although the statute of limitations for written contracts is generally six years under R.C. 2305.06, contracting parties may agree to a shorter period, so long as it is reasonable and clearly expressed. *Sarmiento v. Grange Mut. Cas. Co*, 2005-Ohio-5410, ¶ 11; *Barbee v. Nationwide Mut. Ins. Co.*, 2011-Ohio-4914, ¶ 23. The General Assembly has codified this principle for UM/UIM claims. Under R.C. 3937.18(H):

> Any policy of insurance that includes uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages may include terms and conditions requiring that, so long as the insured has not prejudiced the insurer's subrogation rights, each claim or suit for uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages be made or brought within three years after the date of the accident causing the bodily injury, sickness, disease, or death, or within one year after the liability insurer for the owner or operator of the motor vehicle liable to the insured has become the subject of insolvency proceedings in any state, whichever is later.

**B. Anand's Reliance on General Policy Provisions**

{¶ 18} Anand's argument relies on the assumption that the general policy provisions requiring a determination of the tortfeasor's liability before suit created an inconsistency with the three-year contractual limitation. He contends that enforcing the limitation extinguishes his UIM rights before they accrue and is, thus, in violation of the governing principles of contract interpretation.

{¶ 19} In *Barbee v. Nationwide*, the Supreme Court of Ohio upheld a nearly identical three-year UIM limitation provision, holding that such language was clear, conspicuous, and consistent with R.C. 3937.18(H). *Barbee* at ¶ 23, 41. There, the Supreme Court held that the language in the provision of the automobile insurance policy requiring an action for UM/UIM coverage to be brought against the insurer by the policyholder within three years of the date of the accident is unambiguous and enforceable. *Id.* at ¶ 45. They determined that the provision does not conflict with co-existing policy provisions that require the insured to fully comply with the policy terms before filing suit and that require the tortfeasor's insurance assets to be exhausted before payment by the policyholder's own insurer. *Id.*

{¶ 20} Anand's reliance on general policy language ignores the controlling effect of the endorsement. As this court explained in *Greiner v. Timm*, 2000 Ohio App. LEXIS 1241 (10th Dist. Mar. 28, 2000), when an endorsement expressly deletes and replaces conflicting general provisions, no ambiguity arises. In *Greiner*, husband and wife appellants argued that the split limit provision under the general policy conflicted with the limit of liability language under the UM/UIM endorsement, and that the wife was entitled to legally recover the personal liability limit on her loss of consortium claim. *Id.* at 13. In *Greiner*, this court held that the first sentence in the split limit provision clearly states that it was intended to replace the earlier limit of liability and enforced the split limit decision.

{¶ 21} Here, the UIM endorsement clearly sets forth provisions that govern UIM claims, specifically. Again, the first words on page one of the endorsement state in bold print, "**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**." The Erie endorsement unambiguously superseded the general policy's "LAWSUITS AGAINST US" clause. It is conspicuous, set out in bold and italicized print, and expressly warns the insured that it changes the policy. Again, this court in *Greiner* found nearly identical endorsement language to be sufficiently clear and conspicuous. Likewise, in *Barbee*, the Supreme Court upheld virtually identical three-year language.

{¶ 22} By contrast, the unusual circumstances in *Kraly v. Vannewkirk*, 69 Ohio St.3d 627 (1994), that Anand uses to further his argument—insurer insolvency occurring months before expiration—are absent here. Jones was underinsured from the moment of the collision. Anand was aware of his Erie coverage from the outset and had ample opportunity to name Erie as a defendant in his January 2021 complaint or February 2021 amended complaint. Instead, he waited until May 2022, after the contractual period had lapsed, to seek leave to add Erie. As *Barbee* instructs, courts must enforce the plain terms of such a provision. The Erie endorsement unambiguously required that any UIM claim or suit be made within three years of the January 31, 2019, collision. Anand neither filed such a claim nor provided Erie with suit papers within that period. His reliance on general policy provisions is foreclosed by the endorsement's plain language, which expressly deletes and replaces them. His reliance on *Kraly* is unavailing, as that decision is limited to its unique facts and has been distinguished by later Supreme Court precedent. Anand's

reliance on the general policy provisions is misguided due to a failure to follow the UIM endorsement in the policy. Based upon the precedent set forth in *Barbee* and R.C. 3937.18(H), the three-year limitation is reasonable, conspicuous, and enforceable under the general principles governing contracts.

**C. Notice**

{¶ 23} Anand next argues that a factual dispute existed as to whether Erie received timely notice of his claim. He relies on his affidavit stating that he orally informed his Erie agent of the accident and his potential lawsuit in December 2021, and that oral contact should count as notice. This argument is unpersuasive. First, the UIM endorsement requires not merely notice, but that a UIM claim or suit "be made or brought" against Erie within three years. (Ex. A-1 at 4.) Here, Anand only notified his agent that he had sued the alleged tortfeasor. He failed to provide any specifics, such as, the date and location of the collision, name and contact information of the tortfeasor, and a determination of who was liable in the collision.

{¶ 24} Oral notification to an agent that litigation against the tortfeasor, and not against Erie, was pending is not equivalent to filing a contractual claim for UIM benefits. Courts have repeatedly recognized that a tort action against the negligent driver is distinct from a contractual action against the insurer for UIM coverage. *Kraly*, 69 Ohio St.3d at 632; *Motorists Mut. Ins. Co. v. Tomanski*, 27 Ohio St.2d 222 (1971). The oral contact did not comply with the necessary requirements to file a UIM claim against Erie. Based on that determination, Anand failed to follow the requirements set forth in the UIM endorsement. Second, Anand failed to comply with the independent duty to promptly provide suit papers. The endorsement expressly requires that if claimants bring suit, "copies of suit papers must be sent to [Erie] at once." (Ex. A-1 at 4.) Anand did not provide Erie with any suit papers until June 2022, months after the three-year period expired. Even construing Anand's affidavit favorably, he failed, as a matter of law, to satisfy the endorsement's contractual requirements.

{¶ 25} Finally, Anand argues that Erie waived the written notice requirement by not insisting on written notice when Anand telephoned his agent about the collision. It is well settled that " '[a] party who fails to raise an argument in the court below waives his or her right to raise it here.' " *Niskanen v. Giant Eagle, Inc.*, 2009-Ohio-3626, ¶ 34,

quoting *State ex rel. Zollner v. Indus. Comm.*, 1993-Ohio-49, ¶ 12.  Here, Anand has raised this argument for the first time in the appellate court.  We, therefore, decline to consider this issue.

{¶ 26}  The Erie endorsement unambiguously required that any UIM claim or suit be made within three years of the January 31, 2019, collision.  Again, Anand neither filed such a claim nor provided Erie with suit papers within that period.  His reliance on general policy provisions is foreclosed by the endorsement's plain language, which expressly deletes and replaces them.  For the foregoing reasons, we overrule Anand's sole assignment of error.

## V.  CONCLUSION

{¶ 27}  Having overruled Anand's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT and EDELSTEIN, JJ., concur.

_____